JARED BOBROW (STATE BAR NO. 133712)
jbobrow@orrick.com
JASON LANG (STATE BAR NO. 255642)
jlang@orrick.com
DIANA M. RUTOWSKI (STATE BAR NO. 233878)
drutowski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

*Attorneys for Defendant and Counterclaim Plaintiff Micron Technology, Inc., and Defendant Micron Consumer Products Group LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., et al.,<br><br>Defendants.<br><br>MICRON TECHNOLOGY, INC.,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD., and YANGTZE MEMORY TECHNOLOGIES, INC.,<br><br>Counterclaim Defendants. | Case No. 3:23-cv-05792-RFL<br><br>**MICRON TECHNOLOGY, INC. AND MICRON CONSUMER PRODUCTS GROUP, LLC'S MOTION TO SHORTEN TIME FOR HEARING ON MOTION FOR PROTECTIVE ORDER (DKT. 55) PURSUANT TO CIVIL LOCAL RULE 6-3** |

PLEASE TAKE NOTICE that pursuant to Civil Local Rule 6-3 of the United States District Court for the Northern District of California and the Standing Order for Civil Cases Before Judge Rita F. Lin ("Standing Order"), Defendant and Counterclaim Plaintiff Micron Technology, Inc. ("MTI"), and Defendant Micron Consumer Products Group, LLC ("MCPG") (collectively, "Micron") hereby request that the Court shorten the time for the hearing on Micron's Motion for Protective Order (Dkt. 55), which is currently scheduled for June 25, 2025, at 10:00 a.m., to the Court's earliest available hearing date.

Good cause exists to accelerate the hearing as detailed below and the Declaration of Diana Rutowski ("Rutowski Decl.") filed herewith. The parties conferred about this motion in an effort to obtain a stipulation to the proposed time change, and Plaintiff and Counterclaim Defendants Yangtze Memory Technologies Company, Ltd. ("YMTCL") and Yangtze Memory Technologies, Inc. ("YMTI") (collectively with YMTCL, "YMTC") did not respond regarding whether or not they oppose this motion. Rutowski Decl. ¶ 2.

## ARGUMENT

As discussed during the Case Management Conference on February 21, 2024, YMTCL[1] is on the Entity List of the United States Department of Commerce ("DOC"). The Entity List is part of the Export Administration Regulations ("EAR"), which prohibit the "export, reexport, and in-country transfer" of "any item subject to the EAR" to an entity on the Entity List, 15 C.F.R. 744.11(a), and to those "acting as an agent, front, or shell company" for the listed entity, 15 C.F.R. 744.11(c)(2). The Bureau of Industry and Security ("BIS") advises that "extra due diligence" is encouraged when transferring items to parties affiliated with Entity Listed entities, including agents of such entities. *See* BIS, Entity List FAQs[2]; 15 C.F.R. § 744.11(c)(2) (referring to prohibitions and license requirements when there is an "unacceptable risk that the party is acting as an agent" for an Entity Listed entity).

During the parties' negotiations over a Protective Order governing the disclosure of

---

[1] Counterclaim Defendant YMTI is YMTCL's wholly-owned subsidiary.

[2] *See* https://www.bis.doc.gov/index.php/policy-guidance/faqs#faq_134 ("Do the license requirements and policies of the Entity List apply to separately incorporated subsidiaries, partially owned subsidiaries, or sister companies of a listed entity?").

1  confidential information, Micron requested provisions in the Protective Order that would protect
2  against the export of its technology to YMTCL and its agents.  The parties conferred about
3  proposed revisions to this District's Model Protective Order, and while they reached agreement
4  on some revisions, a dispute remained as to others.  The parties crystalized those areas of
5  agreement and disagreement in an email from YMTC's counsel on May 6, 2024, and Micron filed
6  a Motion for Protective Order on May 7, 2024.  Dkt. 55.  Micron noticed the hearing on its
7  Motion for Protective Order for the earliest available date of June 25, 2025, based on this Court's
8  rules and calendar.  Dkt. 55.

9        YMTCL is a listed entity, not Micron.  Thus, while safeguards in the protective order are
10  needed for Micron to produce information to YMTC and its agent (Ropes), there is no such
11  restriction on YMTC—the party that initiated this litigation in this Court—producing information
12  to Micron in this case.  Nevertheless, YMTC is now taking the position that it is not going to
13  comply with its upcoming obligations under Patent Local Rules 3-3 and 3-4 unless and until
14  Micron produces technical information about its products pursuant to Patent Local Rule 3-2.
15  Rutowski Decl. ¶ 2-3, Ex. A.  But Micron has been clear all along that it cannot do so until
16  appropriate safeguards are in place as detailed in its Motion for Protective Order to ensure that it
17  will not be in violation of the EAR by transferring technical information to YMTC's agent,
18  Ropes.  Dkt. 55.  Thus, unless and until such an order is entered, the parties face the potential for
19  substantial harm and prejudice because Micron's production of technical information cannot
20  proceed, and YMTC has stated that it does not intend to comply with the Patent Local Rule 3-3
21  and 3-4 deadlines until that production occurs.  As a result, Micron respectfully requests that this
22  Court accelerate the hearing on Micron's Motion for Protective Order to its earliest available
23  hearing date.

24        Pursuant to Civil Local Rule 6-3 and Local rule 37(1)(a), the parties conferred about these
25  issues by telephone and email on May 9, 2024, and Micron asked for YMTC's position on the
26  relief sought herein by noon on May 10, 2024.  Rutowski Decl. ¶ 2, Ex. A.  YMTC's counsel did
27  not respond.  *Id*.  Micron submits that the requested change of the hearing date will not have any
28  other effect on the schedule for the case; in fact, this request is intended to keep the Patent Local

1  Rule disclosures on schedule because without a protective order in place such that Micron can
2  produce technical documents, YMTC stated that it will seek to stay its Patent Local Rule 3-3 and
3  3-4 disclosures.
4        Regarding previous time modifications, on November 29, 2023, the parties stipulated to
5  extend Micron's deadline to answer or otherwise respond to the complaint from December 5,
6  2023, to and including January 19, 2024 (Dkt. 18).  On March 27, 2024, the parties filed a
7  stipulated request to change the hearing date on YMTC's Motion to Dismiss Micron's
8  counterclaims by one week to April 30, 2024 (Dkt. 51), which the Court granted on March 27,
9  2024 (Dkt. 52). There have been no other time modifications in this case.
10       For all the foregoing reasons, Micron respectfully requests that there is good cause for this
11 Court to accelerate the hearing on its Motion for Protective Order (Dkt. 55) and respectfully
12 requests that the Court reschedule the hearing for the Court's earliest available date.
13
14 Dated: May 10, 2024        ORRICK, HERRINGTON & SUTCLIFFE LLP
15
16
17       By:  /s/ Jared Bobrow
      Jared Bobrow
18       *Attorneys for Defendant and Counterclaim Plaintiff Micron Technology, Inc., and Defendant Micron Consumer Products Group LLC*
19
20
21
22
23
24
25
26
27
28