UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., et al., <br><br> Defendants. | Case No. 24-cv-04223-RS <br><br> **REFERRAL FOR RELATED CASE DETERMINATION** |

Under Local Patent Rule 2-1, actions concerning the same patent filed within two years of each other by the same plaintiff will be deemed related and will be assigned to the same judge. While this action is between the same parties and appears to involve the same or overlapping technologies and accused infringing products as those in dispute in *Yangtze Memory Technologies Company, Ltd. v. Micron Technology, Inc., et al.*, No. 3:23-cv-05792-RFL, Patent Rule 2-1 does not apply because different patents are alleged to have been infringed.

The fact that the cases are not *automatically* deemed related under Patent Local Rule 2-1, however, does not resolve the question of whether they should be found to be related under the standards of Civil Local Rule 3-12. See Patent Rule 1-2 ("The Civil Local Rules of this Court shall also apply to such actions, except to the extent that they are inconsistent with these Patent Local Rules.")

Under Civil Local Rule 3-12, an action is related to another when:

(1) The actions concern substantially the same parties, property, transaction, or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

It is unclear whether plaintiff believes these actions are related under these standards. Plaintiff initially filed a notice under Civil Local Rule 3-13, asserting the cases are related, but noting different patents are involved. The invocation of Rule 3-13, however, was incorrect, as it applies where the purportedly related action is pending in another district or a state court. Plaintiff subsequently filed a "notice of errata" purporting to withdraw the Rule 3-13 notice. The "notice of errata," however, was not based on the fact that Rule 3-13 does not apply where the two cases are pending in the same district. Instead, the notice asserted the two cases involve different patents—a point plaintiff had made in its original notice under Rule 3-13.

In any event, plaintiff's subjective views—whatever they may be—are not dispositive as to whether these two actions are related under the standards of Civil Local Rule 3-12. This action is hereby referred to the Honorable Rita F. Lin for a determination as to whether it should be related to Case No. 3:23-cv-05792-RFL under Civil Local Rule 3-12.

**IT IS SO ORDERED**.

Dated: July 25, 2024

RICHARD SEEBORG
Chief United States District Judge

CASE NO. 24-cv-04223-RS