JARED BOBROW (STATE BAR NO. 133712)
jbobrow@orrick.com
JASON LANG (STATE BAR NO. 255642)
jlang@orrick.com
DIANA M. RUTOWSKI (STATE BAR NO. 233878)
drutowski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

*Attorneys for Defendant and Counterclaim
Plaintiff Micron Technology, Inc., and Defendant
Micron Consumer Products Group, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., et al., <br><br> Defendants. | Case No. 3:23-cv-05792- RFL <br><br> **MICRON'S ANSWER TO YMTC'S CONSOLIDATED COMPLAINT AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Judge: Hon. Rita F. Lin |
| MICRON TECHNOLOGY, INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD., and YANGTZE MEMORY TECHNOLOGIES, INC., <br><br> Counterclaim Defendants. | |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

Defendants Micron Technology, Inc. ("Micron Technology" or "MTI") and Micron Consumer Products Group LLC ("MCPG") (collectively "Defendants" or "Micron"), by and through their undersigned counsel, hereby submit this answer to the Consolidated Complaint ("CC") of Yangtze Memory Technologies Company, Ltd. ("YMTC"), which was filed on September 3, 2024. Counterclaim plaintiff Micron Technology also asserts counterclaims against YMTC and Yangtze Memory Technologies, Inc. ("YMTC Inc.") (YMTC and YMTC Inc. collectively, "the YMTC Entities"). To the extent not expressly admitted below, Defendants deny each and every allegation of the CC.

**PRELIMINARY STATEMENT**

1. Micron admits that YMTC filed its original complaint in this action on November 9, 2023 in which it purported to assert claims under United States Patent Nos. 10,950,623, 11,501,822, 10,658,378, 10,937,806, 10,861,872, 11,468,957, 11,600,342, and 10,868,031 ("YMTC 1"). Micron further admits that YMTC filed another complaint against Micron to commence a second action on July 12, 2024 in which it purported to assert claims under U.S. Patent Nos. 10,879,254, 11,581,322, 10,886,291, 11,482,532, 11,145,666, 11,450,604, 10,672,711, 11,101,276, 11,568,941, 10,879,164, and 12,010,838 ("YMTC 2"). Micron admits that it filed a Motion to Consolidate the two cases and that the Court granted the motion on August 21, 2024. Micron admits that YMTC files this Consolidated Complaint pursuant to the Court's August 21, 2024 Order Granting Motion to Consolidate. Except so admitted, Micron denies the allegations of paragraph 1 of the CC.

**NATURE OF THE ACTION**

2. Micron is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and sixth sentences of paragraph 2 of the CC and, on that basis, denies them. Micron denies the remaining allegations of paragraph 2 of the CC.

3. Micron is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 3 of the CC and, on that basis, denies them. Micron denies the remaining allegations of paragraph 3 of the CC.

4. Micron admits that 3D NAND flash memory is a widely used form of memory, that

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

it is used in a variety of products and solutions, and that competition and innovation are beneficial to society. Except as so admitted, Micron denies the allegations of paragraph 4 of the CC.

5. Micron denies the allegations of paragraph 5 of the CC.

6. Micron admits that YMTC is asserting the "Asserted Patents" against Micron in this lawsuit. Except as so admitted, Micron denies the allegations of paragraph 6 of the CC.

## THE PARTIES

7. Admitted.

8. Micron admits the first sentence of paragraph 8 of the CC. Micron further admits that it does not contest the propriety of service of process in this action through CSC in Sacramento, California. Except as so admitted, Micron denies the allegations of paragraph 8 of the CC.

9. Micron admits that MCPG is a wholly-owned subsidiary of MTI, that it is organized under the laws of the State of Delaware, and that it has a principal place of business at 110 Holger Way, San Jose, California 95134. MCPG further admits that it does not contest the propriety of service of process in this action through CSC in Sacramento, California. Except as so admitted, Micron denies the allegations of paragraph 9 of the CC.

10. Micron denies the allegations of paragraph 10 of the CC.

11. Micron denies the allegations of paragraph 11 of the CC.

## JURISDICTION AND VENUE

12. Without admitting that YMTC has standing to maintain this lawsuit, Micron admits the allegations of paragraph 12 of the CC.

13. Micron admits that the Court has personal jurisdiction over Micron for purposes of this action. Except as so admitted, Micron denies the allegations of paragraph 13 of the CC.

14. Micron denies the allegations of paragraph 14 of the CC.

15. Micron denies the allegations of paragraph 15 of the CC.

16. Micron admits that venue for this action is proper in this judicial district. Except as so admitted, Micron denies the allegations of paragraph 16 of the CC.

17. Micron denies the allegations of paragraph 17 of the CC.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

**DIVISIONAL ASSIGNMENT**

18. Micron admits that, under General Order No. 44, this district maintains a district-wide system of assignment for "intellectual property rights" actions. Except as so admitted, Micron denies the allegations of paragraph 18 of the CC.

**YMTC'S ALLEGED INNOVATIONS AND PATENTS**

19. Micron admits that YMTC has a wholly-owned subsidiary, YMTC Inc., in this judicial district. Micron further admits that YMTC supplies 3D NAND products on a global basis, including in the United States. Micron denies the second sentence of paragraph 19 of the CC. Except as so admitted and denied, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the CC and, on that basis, denies them.

20. Micron denies the last sentence of paragraph 20 of the CC. Except as so denied, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the CC and, on that basis, denies them.

21. Micron denies the allegations of paragraph 21 of the CC.

22. Micron denies the allegations of paragraph 22 of the CC.

**MICRON'S ACCUSED PRODUCTS AND ACTIVITIES**

23. Micron admits that MTI is an industry leader in innovative computer-memory and data-storage solutions, including 3D NAND. Except as so admitted, Micron denies the allegations of paragraph 23 of the CC.

24. Micron admits that MTI and/or one or more of its subsidiaries has designed, made, used, sold, and/or offered for sale 96-Layer 3D NAND memory products, including products with the B27A design ID. Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 24 of the CC and, on that basis, denies them. Except as so admitted and denied, Micron denies the allegations of paragraph 24 of the CC.

25. Micron admits that MTI and/or one or more of its subsidiaries has designed, made, used, sold, and/or offered for sale 128-Layer 3D NAND memory products, including products with the B37R design ID. Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 25 of the CC and, on that basis, denies

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

them.  Except as so admitted and denied, Micron denies the allegations of paragraph 25 of the CC.

26.     Micron admits that MTI and/or one or more of its subsidiaries has designed, made, used, sold, and/or offered for sale 176-Layer 3D NAND memory products, including products with the N48R and B47R design IDs.  Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 26 of the CC and, on that basis, denies them.  Except as so admitted and denied, Micron denies the allegations of paragraph 26 of the CC.

27.     Micron admits that MTI and/or one or more of its subsidiaries has designed, made, used, sold, and/or offered for sale 232-Layer 3D NAND memory products, including products with the B58R design ID.  Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 27 of the CC and, on that basis, denies them.  Except as so admitted and denied, Micron denies the allegations of paragraph 27 of the CC.

28.     Micron admits that MTI and/or one or more of its subsidiaries has designed, made, used, sold, and/or offered for sale DDR5 DRAM memory products with the Y2BM design ID.  Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second part of the first sentence of paragraph 28 of the CC and, on that basis, denies them.  Except as so admitted and denied, Micron denies the allegations of paragraph 28 of the CC.

29.     Micron admits that YMTC purports to call certain 3D NAND products and a DDR 5 DRAM product as the "Accused Memory Products."  Except as so admitted, Micron denies the allegations of paragraph 29 of the CC.

30.     Micron admits that MTI and/or one or more of its subsidiaries has made, used, sold, and/or offered for sale the "Accused Memory Products."  Micron further admits that various third parties may use one or more of the "Accused Memory Products" in their own products and solutions.  Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the CC and, on that basis, denies them.

31.     Micron admits that MTI and/or one or more of its subsidiaries has conducted research, development, and testing of the "Accused Memory Products."  Except as so admitted, Micron denies the allegations of paragraph 31 of the CC.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

32.     Micron denies the allegations of paragraph 32 of the CC.

33.     Micron admits that MTI and/or one or more of its subsidiaries sells and/or offers to sell the Accused Memory Products.  Except as so admitted, Micron denies the allegations of paragraph 33 of the CC.

34.     Micron admits that the micron.com website lists one or more distributors.  Except as so admitted, Micron denies the allegations of paragraph 34 of the CC.

35.     Micron admits that MTI and/or one or more of its subsidiaries has used the Accused Memory Products and has sold and/or offered to sell the Accused Memory Products to one or more customers in a number of sectors.  Except as so admitted, Micron denies the allegations of paragraph 35 of the CC.

36.     Micron denies the allegations of paragraph 36 of the CC.

37.     Micron denies the allegations of paragraph 37 of the CC.

38.     Micron denies the allegations of paragraph 38 of the CC.

39.     Micron denies the allegations of paragraph 39 of the CC.

## COUNT I

40.     Micron incorporates by reference and realleges its responses to all the foregoing paragraphs of this Answer as if fully set forth herein.

41.     Micron admits that YMTC filed as Exhibit 1 what appears to be a copy of the '623 patent, which is entitled "3D NAND Memory Device and Method of Forming the Same."  Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the CC and, on that basis, denies them.

42.     Micron denies the allegations of paragraph 42 of the CC.

43.     Micron denies the allegations of paragraph 43 of the CC.

44.     Micron denies the allegations of paragraph 44 of the CC.

45.     Micron admits that it identified numerous deficiencies in YMTC's original complaint in Micron's motion to dismiss, including YMTC's failure to plead that Micron's products include or practice one or more claim limitations of the '623 patent.  Micron's motion to dismiss is on file with the Court and speaks for itself.  Except as so admitted, Micron denies the allegations

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

of paragraph 45 of the CC.

46.     Micron denies the allegations of paragraph 46 of the CC.

47.     Micron denies the allegations of paragraph 47 of the CC.

48.     Micron denies the allegations of paragraph 48 of the CC.

49.     Micron denies the allegations of paragraph 49 of the CC.

**COUNT II**

50.     Micron incorporates by reference and realleges its responses to all the foregoing paragraphs of this Answer as if fully set forth herein.

51.     Micron admits that YMTC filed as Exhibit 2 what appears to be a copy of the '822 patent, which is entitled "Non-Volatile Memory Device and Control Method." Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the CC and, on that basis, denies them.

52.     Micron denies the allegations of paragraph 52 of the CC.

53.     Micron denies the allegations of paragraph 53 of the CC.

54.     Micron denies the allegations of paragraph 54 of the CC.

55.     Micron admits that it identified numerous deficiencies in YMTC's original complaint in Micron's motion to dismiss, including YMTC's failure to plead that Micron's products include or practice one or more claim limitations of the '822 patent. Micron's motion to dismiss is on file with the Court and speaks for itself. Except as so admitted, Micron denies the allegations of paragraph 55 of the CC.

56.     Micron denies the allegations of paragraph 56 of the CC.

57.     Micron denies the allegations of paragraph 57 of the CC.

58.     Micron denies the allegations of paragraph 58 of the CC.

59.     Micron denies the allegations of paragraph 59 of the CC.

**COUNT III**

60.     Micron incorporates by reference and realleges its responses to all the foregoing paragraphs of this Answer as if fully set forth herein.

61.     Micron admits that YMTC filed as Exhibit 3 what appears to be a copy of the '378

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

patent, which is entitled "Through Array Contact (TAC) for Three-Dimensional Memory Devices." Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the CC and, on that basis, denies them.

62.     Micron denies the allegations of paragraph 62 of the CC.

63.     Micron denies the allegations of paragraph 63 of the CC.

64.     Micron denies the allegations of paragraph 64 of the CC.

65.     Micron admits that it identified numerous deficiencies in YMTC's original complaint in Micron's motion to dismiss, including YMTC's failure to plead that Micron's products include or practice one or more claim limitations of the '378 patent. Micron's motion to dismiss is on file with the Court and speaks for itself. Except as so admitted, Micron denies the allegations of paragraph 65 of the CC.

66.     Micron denies the allegations of paragraph 66 of the CC.

67.     Micron denies the allegations of paragraph 67 of the CC.

68.     Micron denies the allegations of paragraph 68 of the CC.

69.     Micron denies the allegations of paragraph 69 of the CC.

70.     Micron denies the allegations of paragraph 70 of the CC.

**COUNT IV**

71.     Micron incorporates by reference and realleges its responses to all the foregoing paragraphs of this Answer as if fully set forth herein.

72.     Micron admits that YMTC filed as Exhibit 4 what appears to be a copy of the '806 patent, which is entitled "Through Array Contact (TAC) for Three-Dimensional Memory Devices." Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the CC and, on that basis, denies them.

73.     Micron denies the allegations of paragraph 73 of the CC.

74.     Micron denies the allegations of paragraph 74 of the CC.

75.     Micron denies the allegations of paragraph 75 of the CC.

76.     Micron admits that it identified numerous deficiencies in YMTC's original complaint in Micron's motion to dismiss, including YMTC's failure to plead that Micron's products

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

include or practice one or more claim limitations of the '806 patent. Micron's motion to dismiss is on file with the Court and speaks for itself. Except as so admitted, Micron denies the allegations of paragraph 76 of the CC.

77. Micron denies the allegations of paragraph 77 of the CC.

78. Micron denies the allegations of paragraph 78 of the CC.

79. Micron denies the allegations of paragraph 79 of the CC.

80. Micron denies the allegations of paragraph 80 of the CC.

81. Micron denies the allegations of paragraph 81 of the CC.

**COUNT V**

82. Micron incorporates by reference and realleges its responses to all the foregoing paragraphs of this Answer as if fully set forth herein.

83. Micron admits that YMTC filed as Exhibit 5 what appears to be a copy of the '872 patent, which is entitled "Three-Dimensional Memory Device and Method for Forming the Same." Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the CC and, on that basis, denies them.

84. Micron denies the allegations of paragraph 84 of the CC.

85. Micron denies the allegations of paragraph 85 of the CC.

86. Micron denies the allegations of paragraph 86 of the CC.

87. Micron admits that it identified numerous deficiencies in YMTC's original complaint in Micron's motion to dismiss, including YMTC's failure to plead that Micron's products include or practice one or more claim limitations of the '872 patent. Micron's motion to dismiss is on file with the Court and speaks for itself. Except as so admitted, Micron denies the allegations of paragraph 87 of the CC.

88. Micron denies the allegations of paragraph 88 of the CC.

89. Micron denies the allegations of paragraph 89 of the CC.

90. Micron denies the allegations of paragraph 90 of the CC.

91. Micron denies the allegations of paragraph 91 of the CC.

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

92.     Micron incorporates by reference and realleges its responses to all the foregoing paragraphs of this Answer as if fully set forth herein.

93.     Micron admits that YMTC filed as Exhibit 6 what appears to be a copy of the '957 patent, which is entitled "Architecture and Method for NAND Memory Operation." Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the CC and, on that basis, denies them.

94.     Micron denies the allegations of paragraph 94 of the CC.

95.     Micron denies the allegations of paragraph 95 of the CC.

96.     Micron denies the allegations of paragraph 96 of the CC.

97.     Micron admits that it identified numerous deficiencies in YMTC's original complaint in Micron's motion to dismiss, including YMTC's failure to plead that Micron's products include or practice one or more claim limitations of the '957 patent. Micron's motion to dismiss is on file with the Court and speaks for itself. Except as so admitted, Micron denies the allegations of paragraph 97 of the CC.

98.     Micron denies the allegations of paragraph 98 of the CC.

99.     Micron denies the allegations of paragraph 99 of the CC.

100.    Micron denies the allegations of paragraph 100 of the CC.

101.    Micron denies the allegations of paragraph 101 of the CC.

**COUNT VII**

102.    Micron incorporates by reference and realleges its responses to all the foregoing paragraphs of this Answer as if fully set forth herein.

103.    Micron admits that YMTC filed as Exhibit 7 what appears to be a copy of the '342 patent, which is entitled "Method for Reading Three-Dimensional Flash Memory." Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the CC and, on that basis, denies them.

104.    Micron denies the allegations of paragraph 104 of the CC.

105.    Micron denies the allegations of paragraph 105 of the CC.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 9 -

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

1    106.    Micron denies the allegations of paragraph 106 of the CC.

2    107.    Micron admits that it identified numerous deficiencies in YMTC's original

3    complaint in Micron's motion to dismiss, including YMTC's failure to plead that Micron's products

4    include or practice one or more claim limitations of the '342 patent.  Micron's motion to dismiss is

5    on file with the Court and speaks for itself.  Except as so admitted, Micron denies the allegations

6    of paragraph 107 of the CC.

7    108.    Micron denies the allegations of paragraph 108 of the CC.

8    109.    Micron denies the allegations of paragraph 109 of the CC.

9    110.    Micron denies the allegations of paragraph 110 of the CC.

10   111.    Micron denies the allegations of paragraph 111 of the CC.

11                                     **COUNT VIII**

12   112.    Micron incorporates by reference and realleges its responses to all the foregoing

13   paragraphs of this Answer as if fully set forth herein.

14   113.    Micron admits that YMTC filed as Exhibit 8 what appears to be a copy of the '031

15   patent, which is entitled "Multiple-Stack Three-Dimensional Memory Device and Fabrication

16   Method Thereof."  Except as so admitted, Micron lacks knowledge or information sufficient to

17   form a belief as to the truth of the allegations in paragraph 113 of the CC and, on that basis, denies

18   them.

19   114.    Micron denies the allegations of paragraph 114 of the CC.

20   115.    Micron denies the allegations of paragraph 115 of the CC.

21   116.    Micron denies the allegations of paragraph 116 of the CC.

22   117.    Micron admits that it identified numerous deficiencies in YMTC's original

23   complaint in Micron's motion to dismiss, including YMTC's failure to plead that Micron's products

24   include or practice one or more claim limitations of the '031 patent.  Micron's motion to dismiss is

25   on file with the Court and speaks for itself.  Except as so admitted, Micron denies the allegations

26   of paragraph 117 of the CC.

27   118.    Micron denies the allegations of paragraph 118 of the CC.

28   119.    Micron denies the allegations of paragraph 119 of the CC.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

1     120.    Micron denies the allegations of paragraph 120 of the CC.

2     121.    Micron denies the allegations of paragraph 121 of the CC.

3                      **COUNT IX**

4     122.    Micron incorporates by reference and realleges its responses to all the foregoing

5  paragraphs of this Answer as if fully set forth herein.

6     123.    Micron admits that YMTC filed as Exhibit 9 what appears to be a copy of the '254

7  patent, which is entitled "Three-Dimensional Memory Devices Having Through Array Contacts

8  And Methods For Forming The Same."  Except as so admitted, Micron lacks knowledge or

9  information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the CC

10  and, on that basis, denies them.

11    124.    Micron denies the allegations of paragraph 124 of the CC.

12    125.    Micron denies the allegations of paragraph 125 of the CC.

13    126.    Micron denies the allegations of paragraph 126 of the CC.

14    127.    Micron denies the allegations of paragraph 127 of the CC.

15    128.    Micron denies the allegations of paragraph 128 of the CC.

16                      **COUNT X**

17    129.    Micron incorporates by reference and realleges its responses to all the foregoing

18  paragraphs of this Answer as if fully set forth herein.

19    130.    Micron admits that YMTC filed as Exhibit 10 what appears to be a copy of the '322

20  patent, which is entitled "Three-Dimensional Memory Devices Having Through Array Contacts

21  And Methods For Forming The Same."  Except as so admitted, Micron lacks knowledge or

22  information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the CC

23  and, on that basis, denies them.

24    131.    Micron denies the allegations of paragraph 131 of the CC.

25    132.    Micron denies the allegations of paragraph 132 of the CC.

26    133.    Micron denies the allegations of paragraph 133 of the CC.

27                      **COUNT XI**

28    134.    Micron incorporates by reference and realleges its responses to all the foregoing

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 11 -

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

paragraphs of this Answer as if fully set forth herein.

135.    Micron admits that YMTC filed as Exhibit 11 what appears to be a copy of the '291 patent, which is entitled "Joint Opening Structures Of Three-Dimensional Memory Devices And Methods For Forming The Same."  Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the CC and, on that basis, denies them.

136.    Micron denies the allegations of paragraph 136 of the CC.

137.    Micron denies the allegations of paragraph 137 of the CC.

138.    Micron denies the allegations of paragraph 138 of the CC.

139.    Micron denies the allegations of paragraph 139 of the CC.

140.    Micron denies the allegations of paragraph 140 of the CC.

**COUNT XII**

141.    Micron incorporates by reference and realleges its responses to all the foregoing paragraphs of this Answer as if fully set forth herein.

142.    Micron admits that YMTC filed as Exhibit 12 what appears to be a copy of the '532 patent, which is entitled "Joint Opening Structures of Three-Dimensional Memory Devices and Methods For Forming the Same."  Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the CC and, on that basis, denies them.

143.    Micron denies the allegations of paragraph 143 of the CC.

144.    Micron denies the allegations of paragraph 144 of the CC.

145.    Micron denies the allegations of paragraph 145 of the CC.

146.    Micron denies the allegations of paragraph 146 of the CC.

147.    Micron denies the allegations of paragraph 147 of the CC.

**COUNT XIII**

148.    Micron incorporates by reference and realleges its responses to all the foregoing paragraphs of this Answer as if fully set forth herein.

149.    Micron admits that YMTC filed as Exhibit 13 what appears to be a copy of the '666

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 12 -

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

patent, which is entitled "Staircase Structure For Memory Device." Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 of the CC and, on that basis, denies them.

150. Micron denies the allegations of paragraph 150 of the CC.

151. Micron denies the allegations of paragraph 151 of the CC.

152. Micron denies the allegations of paragraph 152 of the CC.

153. Micron denies the allegations of paragraph 153 of the CC.

## COUNT XIV

154. Micron incorporates by reference and realleges its responses to all the foregoing paragraphs of this Answer as if fully set forth herein.

155. Micron admits that YMTC filed as Exhibit 14 what appears to be a copy of the '604 patent, which is entitled "Staircase Structure In Three-Dimensional Memory Device And Method For Forming The Same." Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the CC and, on that basis, denies them.

156. Micron denies the allegations of paragraph 156 of the CC.

157. Micron denies the allegations of paragraph 157 of the CC.

158. Micron denies the allegations of paragraph 158 of the CC.

159. Micron denies the allegations of paragraph 159 of the CC.

160. Micron denies the allegations of paragraph 160 of the CC.

## COUNT XV

161. Micron incorporates by reference and realleges its responses to all the foregoing paragraphs of this Answer as if fully set forth herein.

162. Micron admits that YMTC filed as Exhibit 15 what appears to be a copy of the '711 patent, which is entitled "Word Line Contact Structure For Three-Dimensional Memory Devices And Fabrication Methods Thereof." Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 of the CC and, on that basis, denies them.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

163.    Micron denies the allegations of paragraph 163 of the CC.

164.    Micron denies the allegations of paragraph 164 of the CC.

165.    Micron denies the allegations of paragraph 165 of the CC.

166.    Micron denies the allegations of paragraph 166 of the CC.

**COUNT XVI**

167.    Micron incorporates by reference and realleges its responses to all the foregoing paragraphs of this Answer as if fully set forth herein.

168.    Micron admits that YMTC filed as Exhibit 16 what appears to be a copy of the '276 patent, which is entitled "Word Line Contact Structure For Three-Dimensional Memory Devices And Fabrication Methods Thereof." Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 of the CC and, on that basis, denies them.

169.    Micron denies the allegations of paragraph 169 of the CC.

170.    Micron denies the allegations of paragraph 170 of the CC.

171.    Micron denies the allegations of paragraph 171 of the CC.

172.    Micron denies the allegations of paragraph 172 of the CC.

173.    Micron denies the allegations of paragraph 173 of the CC.

**COUNT XVII**

174.    Micron incorporates by reference and realleges its responses to all the foregoing paragraphs of this Answer as if fully set forth herein.

175.    Micron admits that YMTC filed as Exhibit 17 what appears to be a copy of the '941 patent, which is entitled "Memory Including a Plurality of Portions and Used For Reducing Program Disturbance And Program Method Thereof." Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 of the CC and, on that basis, denies them.

176.    Micron denies the allegations of paragraph 176 of the CC.

177.    Micron denies the allegations of paragraph 177 of the CC.

178.    Micron denies the allegations of paragraph 178 of the CC.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

179.    Micron denies the allegations of paragraph 179 of the CC.

180.    Micron denies the allegations of paragraph 180 of the CC.

**COUNT XVIII**

181.    Micron incorporates by reference and realleges its responses to all the foregoing paragraphs of this Answer as if fully set forth herein.

182.    Micron admits that YMTC filed as Exhibit 18 what appears to be a copy of the '164 patent, which is entitled "Integrated Circuit Electrostatic Discharge Bus Structure And Related Methods."  Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 of the CC and, on that basis, denies them.

183.    Micron denies the allegations of paragraph 183 of the CC.

184.    Micron denies the allegations of paragraph 184 of the CC.

185.    Micron denies the allegations of paragraph 185 of the CC.

186.    Micron denies the allegations of paragraph 186 of the CC.

187.    Micron denies the allegations of paragraph 187 of the CC.

**COUNT XIX**

188.    Micron incorporates by reference and realleges its responses to all the foregoing paragraphs of this Answer as if fully set forth herein.

189.    Micron admits that YMTC filed as Exhibit 19 what appears to be a copy of the '838 patent, which is entitled "Staircase Structure For Memory Device."  Except as so admitted, Micron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 of the CC and, on that basis, denies them.

190.    Micron denies the allegations of paragraph 190 of the CC.

191.    Micron denies the allegations of paragraph 191 of the CC.

192.    Micron denies the allegations of paragraph 192 of the CC.

193.    Micron denies the allegations of paragraph 193 of the CC.

**PLAINTIFF'S PRAYER FOR RELIEF**

Micron denies that YMTC is entitled to any relief whatsoever in this action, either as prayed for in the CC or otherwise.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

# DEFENSES

Without assuming any burden other than imposed by law, Micron asserts the following defenses in response to the allegations in the CC. Micron reserves the right to assert additional defenses as they become known throughout the course of discovery in this action, including any defenses currently unknown to Micron. The assertion of a defense below is not a concession that Micron bears the burden of proving the matter asserted.

## First Defense: Failure to State a Claim

1. The CC fails to state a claim upon which relief can be granted.

## Second Defense: Noninfringement

2. Micron has not infringed and does not infringe, directly or indirectly, any claim of the Asserted Patents.

## Third Defense: Invalidity

3. One or more of the claims of the Asserted Patents are invalid for failure to satisfy the conditions for patentability set forth in 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

4. The '322 and '254 patents are invalid for failure to satisfy the conditions for patentability set forth in 35 U.S.C. § 101 because Hongbin Zhu, one of the named inventors on the '254 and '322 patents, did not "invent[] or discover[]" the inventions claimed in the '254 and '322 patents but instead derived them from others at MTI.

## Fourth Defense: Prosecution History Estoppel and/or Disclaimer

5. Based on proceedings before the U.S. Patent and Trademark Office during the prosecution of the applications that led to or resulted in the Asserted Patents, YMTC is precluded or otherwise estopped from asserting that any claim of the Asserted Patents covers, either literally or under the doctrine of equivalents, any product or method made, performed, used, sold, offered for sale, or imported by Micron.

## Fifth Defense: Limitation on Damages and Costs

6. YMTC's claims and prayer for relief are barred in whole or in part by 35 U.S.C. §§ 286, 287, and/or 288, including without limitation based on failure to mark and lack of notice.

**Sixth Defense: Government Sales**

7.      YMTC's claims are barred in whole or in part by 28 U.S.C. § 1498 to the extent they relate to use or manufacture of the alleged inventions of the Asserted Patents by or for the United States.

**Seventh Defense: Standing**

8.      Micron is not liable for the acts that YMTC alleges infringe the '254 patent (Count IX) and the '322 patent (Count X) because YMTC lacks standing to assert the '254 and '322 patents.  MTI is the true owner of the '254 and '322 patents by virtue of the assignment agreement entered into between Hongbin Zhu, one of the named inventors on the '254 and '322 patents, and MTI.  Hongbin Zhu assigned all right, title and interest in the claimed invention that is the subject matter of the '254 patent and the '322 patent to Micron during his employment at MTI.  His assignment predates the priority dates of the '254 patent and the '322 patent.

**Eighth Defense: Estoppel**

9.      YMTC is estopped from asserting the claims of the '254 and '322 patents against Micron because it is not the true owner of the '254 and '322 patents.

**MTI'S COUNTERCLAIMS**

Defendant and Counterclaim Plaintiff MTI hereby submits its counterclaims against Plaintiff and Counterclaim Defendant YMTC and Defendant YMTC Inc. (collectively the "YMTC Entities") as follows:

**Nature of the Action**

1.      MTI asserts these patent infringement claims against the YMTC Entities arising from their infringement of U.S. Patent Nos. 8,945,996 (the "'996 patent") and 10,872,903 (the "'903 patent") (collectively, the "MTI Asserted Patents").  On information and belief, each of the YMTC Entities has committed the acts of infringement described herein individually and together as one enterprise.

2.      MTI also asserts a counterclaim for declaratory judgment of ownership of the '254 and '322 patents.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 17 -

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

**The Parties**

3.      MTI is a Delaware corporation with its principal place of business at 8000 South Federal Way, Boise, Idaho 83716.

4.      On information and belief, YMTC is a Chinese company with its principal place of business at No.88 Weilai 3rd Road, East Lake High-tech Development Zone, Wuhan, Hubei, China.

5.      On information and belief, YMTC Inc. is a California corporation with its principal place of business at 2953 Bunker Hill Lane, Ste. 206, Santa Clara, California 95054.

**Jurisdiction and Venue**

6.      MTI brings these counterclaims under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., and the Declaratory Judgment Act 28 U.S.C. § 2201, *et seq.*, against the YMTC Entities for their infringement of the MTI Asserted Patents and to obtain declaratory relief as to MTI's ownership of the '254 and '322 patents, respectively.

7.      This Court has subject matter jurisdiction over MTI's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

8.      This Court has personal jurisdiction over YMTC, which is the plaintiff in this action. Further, YMTC has committed acts of infringement in this District through its business and sales activities in the Northern District of California, including directly and/or indirectly selling, offering for sale, importing, and/or using products that practice (or are made in a manner that practices) one or more claims of the MTI Asserted Patents.

9.      This Court has personal jurisdiction over YMTC Inc., which has its principal place of business in Santa Clara, California, in this judicial District. Further, YMTC Inc. has committed acts of infringement in this District through its business and sales activities in the Northern District of California, including directly and/or indirectly selling, offering for sale, importing, and/or using products that practice (or are made in a manner that practices) one or more claims of the MTI Asserted Patents.

10.      Venue over these counterclaims is proper in this District. YMTC is a foreign company and filed the underlying lawsuit in this District. YMTI resides in this District, has a

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

regular and established place of business in the District, and has committed acts of infringement in this District.

11.    YMTC claims to the be the owner by assignment of the entire right, title, and interest in the '254 and '322 patents.

12.    An immediate, real, and justiciable controversy exists between MTI and YMTC with respect to the ownership of the '254 and '322 patents by virtue of YMTC's claim that MTI infringes the '254 and '322 patents.

**MTI's Innovations and Patents**

13.    MTI was founded in 1978 and is headquartered in Boise, Idaho.  Since that time, MTI has become a world leader in innovative computer-memory and data-storage solutions, employing more than 43,000 employees worldwide with more than 5,000 employees in Idaho.  Ex. 1 at 2; Ex. 2 at 5.

14.    MTI is the only U.S.-based manufacturer of semiconductor memory devices, and its presence in the U.S. is growing.  MTI recently announced plans to invest approximately $15 billion through the end of the decade to construct a new memory manufacturing plant in Boise and up to $100 billion over the next 20-plus years to build a fab near Syracuse, New York.  Exs. 3-4.  MTI's commitment to innovation is evident from its expansive patent portfolio that includes over 54,000 patents.  Ex 1 at 2.

15.    For over a decade, MTI has been at the forefront of developing new and innovative 3D NAND memory products.  In March 2015, MTI launched its first 3D NAND product, a 32-layer high density memory chip.  Ex. 5.  Doing so required years of research and development before the product launch.  These efforts led MTI to file dozens of patents on 3D NAND technology long before the product launch.  Indeed, MTI described innovative 3D NAND arrays in patents it filed well before 2015.  Exs. 6-7.

16.    Since its initial 3D NAND product launch in 2015, MTI has continued to lead the world in 3D NAND innovation by developing and offering chips with greater memory capacity and capabilities.  In early 2018, MTI doubled the number of layers in its 3D NAND products, releasing its 64-layer 3D NAND.  Ex. 8.  Thereafter, in 2019, MTI sampled its 128-layer 3D NAND (Ex. 9

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

at 7) and, in 2020, MTI was the first company in the world to launch 176-layer 3D NAND. Ex. 10. In July 2022, MTI became the first company to scale its 3D NAND technology to 232-layers in production. Ex. 11. MTI has received numerous awards for and widespread recognition of its innovative 3D NAND technology. *See, e.g.*, Exs. 12-14.

**The Accused YMTC Products and the YMTC Entities' Infringing Activities**

17.    YMTC is a global manufacturer and supplier of 3D NAND memory products. YMTC was founded in 2016 and is majority-owned by the Chinese government. Ex. 15. YMTC's founding followed the 2015 announcement of the Made in China 2025 initiative by Chinese President Xi Jinping. Ex. 16. The Made in China 2025 initiative positioned semiconductors as a critical growth industry for the Chinese economy. *Id.* The Chinese Government's investment platform for funding the expansion of its semiconductor industry is the National Integrated Circuit Industry Investment Fund, more commonly known as the "Big Fund." *Id.*

18.    Latecomer YMTC has developed four generations of NAND storage devices since its founding in 2016: a first-generation 3D NAND storage technology incorporating a 32-layer 3D NAND memory array, a second-generation 3D NAND storage technology incorporating at least a 64-layer 3D NAND memory array, a third-generation 3D NAND storage technology incorporating at least a 128-layer 3D NAND memory array, and a fourth generation 3D NAND storage technology incorporating at least a 232-layer 3D NAND memory array. Ex. 17.

19.    Unsurprisingly, given MTI's nearly decade long head start over YMTC into 3D NAND memory development, the YMTC Entities began to hire NAND engineers from MTI or its affiliates and has hired at least 20 such engineers to date. Indeed, at least seven of the named inventors on the YMTC Asserted Patents (*see* Dkt. No. 1) previously worked as engineers on 3D NAND R&D at Micron before they filed the YMTC Asserted Patents. One such named inventor is Hongbin Zhu.

20.    On or around January 9, 2006, MTI hired Hongbin Zhu as an engineer. In consideration of providing employment to Mr. Zhu, Mr. Zhu agreed to "assign and agree to assign to [MTI], or its designee, all of [his] right, title and interest in and to all inventions, discoveries, ideas, processes, works of authorship, mask works, drawings, logos, developments, concepts, and

improvements...whether or not patentable, copyrightable, or subject to other forms of protection, made, created, developed, written, reduced to practice, or conceived by [him], in whole or in part, either solely or jointly with others, during the period of time [he is] in the employ of or providing service to [MTI], whether during or outside of regular working hours." Ex. 18 at 1 (Assignment Agreement between Hongbin Zhu and MTI).

21.     During his 11 years at MTI, Mr. Zhu had access to information about the development of Micron's 3D NAND technology, including on the designs for its 128-Layer and 176-Layer 3D NAND products. Mr. Zhu was also involved with the development of the Micron Accused Products, specifically the B37R product. Among other things, Mr. Zhu knew about MTI's development of alternating multiple-tier stack structures, the formation of channel structures through the stack, the formation of openings that extend through the stack, spacers on the sidewall of the openings, through array contacts that bury into the substrate, and slit structures that separate the memory stack.

22.     Then, on September 18, 2017, after 11 years at MTI, Mr. Zhu left the company. Thereafter, Mr. Zhu joined YMTC, where, based on information and belief, he has served as YMTC's vice president of research and development. On information and belief, while at YMTC, Mr. Zhu also worked on the development of alternating multiple-tier stack structures, the formation of channel structures through the stack, the formation of openings that extend through the stack, spacers on the sidewall of the openings, through array contacts that bury into the substrate, and slit structures that separate the memory stack, which is the subject matter of at least the '322 and '254 patents that were filed by YMTC.

23.     On November 21, 2020, YMTC filed Patent Application No. 17/100,847, which claims priority to PCT/CN2018/101482, filed on August 21, 2018, and issued as the '322 patent on February 14, 2023. The '322 patent names Mr. Zhu as an inventor and claims technologies that Mr. Zhu learned of and worked on while at Micron.

24.     On January 17, 2020, YMTC filed Patent Application No. 16/745,343, which claims priority to PCT/CN2018/101482, filed on August 21, 2018, and issued as the '254 patent on

December 29, 2020. The '254 patent names Mr. Zhu as an inventor and claims technologies that Mr. Zhu learned of and worked on while at Micron.

25. The YMTC Entities have directly and/or indirectly used, sold, offered for sale, imported, supplied, or otherwise distributed into the United States, and provided support for, their 128-layer 3D NAND storage technology and products containing the same (collectively, the "YMTC 128L Accused Products"), including the X2-6070 and other memory chips (and memory products containing the same) that have the same or similar structures, features, or functionalities, and/or are made by the same or similar Xtacking® 2.0 technology manufacturing processes, as the aforementioned exemplary product. YMTC makes the YMTC 128L Accused Products in China.

26. For example, as set forth in YMTC's Patent Local Rule 3-4 contentions and accompanying document production (YMTC-MICRON_0009683), YMTC has imported into and sold in the United States YMTC 128L Accused Products, product numbers YMN09TC1B1JC6C_000 and YMN09TC1B1HC6C_000, within the last six years.

27. On information and belief, YMTC controls and has controlled YMTC Inc.

28. YMTC admits that it is "dedicated to the development of memory products for the global market" and that it "maintains ties to Silicon Valley through a wholly-owned subsidiary, Yangtze Memory Technologies, Inc." Dkt. No. 29 ¶ 24.

**Counterclaim I**
**(Infringement of U.S. Patent No. 8,945,996)**

29. MTI restates and incorporates by reference its allegations in Paragraphs 1 through 28 of its Counterclaims.

30. MTI, owns all right, title, and interest, including the right to recover damages for past, present, and future infringement, in and to U.S. Patent No. 8,945,996, entitled "Methods of forming circuitry components and methods of forming an array of memory cells." A true and correct copy of the '996 patent is attached as Exhibit 19.

31. The '996 patent was duly and legally issued by the United States Patent and Trademark Office on Feb. 3, 2015.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 22 -

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

32.     The YMTC Entities have infringed at least claims 1-4, 6-10, 12, 13, 16-18, 23-26, 28, 30, and 32 of the '996 patent under 35 U.S.C. § 271(g), literally and/or under the doctrine of equivalents, by directly or indirectly importing into the United States at least the YMTC 128L Accused Products, including at least product numbers YMN09TC1B1JC6C_000 and YMN09TC1B1HC6C_000, which are made outside the United States using the patented processes of at least the foregoing claims, are not materially changed by subsequent processes, and are not a trivial and nonessential component of another product.

33.     The YMTC 128L Accused Products are made with, used to perform, and/or practice each and every limitation of at least claims 1-4, 6-10, 12, 13, 16-18, 23-26, 28, 30, and 32 of the '996 patent. A claim chart providing examples of how the YMTC 128L Accused Products practice the foregoing claims is attached as Exhibit 20 hereto and is incorporated by reference herein.

34.     YMTC makes the YMTC 128L Accused Products in China in accordance with the methods claimed in at least claims 1-4, 6-10, 12, 13, 16-18, 23-26, 28, 30, and 32 of the '996 patent.

35.     As a result of the YMTC Entities' infringement of the '996 patent, MTI is entitled to monetary damages in an amount adequate to compensate for the YMTC Entities' infringement, but in no event less than a reasonable royalty for the use made of the invention by the YMTC Entities, together with interest and costs as fixed by the Court.

**Counterclaim II**
**(Infringement of U.S. Patent No. 10,872,903)**

36.     MTI restates and incorporates by reference its allegations in Paragraphs 1 through 35 of its Counterclaims.

37.     MTI, owns all right, title, and interest, including the right to recover damages for past, present, and future infringement, in and to U.S. Patent No. 10,872,903, entitled "Three dimensional memory and methods of forming the same." A true and correct copy of the '903 patent is attached as Exhibit 21.

38.     The '903 patent was duly and legally issued by the United States Patent and Trademark Office on Dec. 22, 2020.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 23 -

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL

39.      The YMTC Entities have infringed at least claims 1-3, 5, 7-9, and 17-20 of the '903 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by using, offering for sale, selling, and/or importing into the United States, without authorization, the YMTC 128L Accused Products, including at least product numbers YMN09TC1B1JC6C_000 and YMN09TC1B1HC6C_000.

40.      The YMTC 128L Accused Products are used to perform and/or practice each and every limitation of at least claims 1-3, 5, 7-9, and 17-20 of the '903 patent.  A claim chart providing examples of how the YMTC 128L Accused Products practice each limitation of at least the foregoing claims is attached as Exhibit 22 hereto and is incorporated by reference herein.

41.      There are no marking requirements with which Micron and its licensees have not complied for the period before February 2, 2024.  Micron has not made, used, sold, offered for sale, or imported into the United States any "patented articles" under the '903 patent.  Moreover, on information and belief, prior to February 2, 2024, none of Micron's licensees made, used, sold, offered for sale, or imported into the United States any "patented articles" under the '903 patent.

42.      The YMTC Entities had actual notice of their infringement of the '903 patent on February 16, 2024, the date Micron filed its Answer to First Amended Complaint and Counterclaims (Dkt. No. 35).

43.      As a result of the YMTC Entities' infringement of the '903 patent, MTI is entitled to monetary damages in an amount adequate to compensate for the YMTC Entities' infringement, but in no event less than a reasonable royalty for the use made of the invention by the YMTC Entities, together with interest and costs as fixed by the Court.

**Counterclaim III**
**(Declaratory Judgment of Ownership of the '322 patent)**

44.      MTI restates and incorporates by reference its allegations in Paragraphs 1 through 43 of its Counterclaims.

45.      MTI is the true owner of the '322 patent by virtue of the assignment agreement entered into between Hongbin Zhu, one of the named inventors on the '322 patent, and MTI. Hongbin Zhu assigned all right, title and interest in the claimed invention that is the subject matter

of the '322 patent to MTI during his employment at MTI. His assignment predates the priority date of the '322 patent.

46.     MTI holds equitable title to the '322 patent.

47.     As such, MTI seeks declaratory relief that it is the sole and exclusive owner of the '322 patent or, in the alternative, that it owns a pro rata undivided interest in the '322 patent, and seeks transfer of legal title from YMTC to MTI.

**Counterclaim IV**
**(Declaratory Judgment of Ownership of the '254 patent)**

48.     MTI restates and incorporates by reference its allegations in Paragraphs 1 through 47 of its Counterclaims.

49.     MTI is the true owner of the '254 patent by virtue of the assignment agreement entered into between Hongbin Zhu, one of the named inventors on the '254 patent, and MTI. Hongbin Zhu assigned all right, title and interest in the claimed invention that is the subject matter of the '254 patent to MTI during his employment at MTI. His assignment predates the priority date of the '254 patent.

50.     MTI holds equitable title to the '254 patent.

51.     As such, MTI seeks declaratory relief that it is the sole and exclusive owner of the '254 patent or, in the alternative, that it owns a pro rata undivided interest in the '254 patent, seeks transfer of legal title from YMTC to MTI.

**DEMAND FOR A JURY TRIAL**

Defendants and counterclaim plaintiff request a jury trial on all issues related to YMTC's claims and MTI's counterclaims that are so triable.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered, Micron pray that the Court enter judgment as follows:

A.     A judgment in favor of Micron and against YMTC on all of YMTC's claims, including a dismissal with prejudice of all of YMTC's claims;

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

B.      A judgment declaring that Micron has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, literally or under the doctrine of equivalents, any valid claims of the YMTC Asserted Patents;

C.      A judgment declaring that the YMTC Asserted Patents are invalid;

D.      A judgment declaring that this YMTC's case against Micron is exceptional and an award to Micron of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

E.      A judgment declaring that YMTC lacks standing to assert the '254 and '322 patents;

F.      A judgment declaring that YMTC is estopped from asserting the '254 and '322 patents;

G.      A judgment in favor of MTI and against the YMTC Entities on all of MTI's Counterclaims;

H.      A judgment in favor of MTI that the YMTC Entities have infringed, either literally and/or under the doctrine of equivalents, one or more claims of each of the MTI Asserted Patents;

I.      An order pursuant to 35 U.S.C. § 283 enjoining the YMTC Entities and their subsidiaries, parents, divisions, affiliates, successors, assigns, transferees, officers, directors, attorneys, agents, servants, employees, privies, and all other persons in active concert or participation with any of the foregoing, from continued acts of infringement of the claims of the MTI Asserted Patents;

J.      A judgment and order requiring the YMTC Entities to pay MTI its damages, costs, expenses, and pre-judgment and post-judgment interest for the YMTC Entities' infringement;

K.      If a permanent injunction is not granted, then a judicial determination of the conditions for the YMTC Entities future infringement, such as an ongoing royalty;

L.      A judgment declaring that MTI is the sole and exclusive owner of all right, title and interest in the '254 and '322 patents;

M.      A judgment compelling YMTC to transfer legal title of the '254 and '322 patents to MTI;

N.      A judgment declaring that MTI's case against the YMTC Entities is exceptional and an award to MTI of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

O.      All other relief that the Court deems just and proper.


Dated: September 17, 2024, 2024                ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                                By: _____ */s/ Jared Bobrow*_____
                                                                         Jared Bobrow

                                                                *Attorneys for Defendant and Counterclaim*
                                                                *Plaintiff Micron Technology, Inc., and Defendant*
                                                                *Micron Consumer Products Group LLC*

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 27 -

ANSWER TO CONSOLIDATED
COMPLAINT AND COUNTERCLAIMS
CASE NO. 3:23-CV-05792-RFL