

**Orrick, Herrington & Sutcliffe LLP**

1000 Marsh Road
Menlo Park, CA 94025-1015

+1 650 614 7400

**orrick.com**

October 4, 2024

**Jared Bobrow**

E jbobrow@orrick.com
D +1 650 614 7405
F +1 650 614 7401

**SENT VIA E-FILING**

The Honorable Thomas S. Hixson
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom E, 15th Floor
San Francisco, CA 94102

    **Re:**   *Yangtze Memory Technologies Company, Ltd. v. Micron Technology, Inc., et al.*,
        Case No.: 3:23-cv-05792-RFL - Joint Letter Re YMTC's Discovery Responses

Your Honor:

Pursuant to this Court's Standing Order for Civil Cases dated September 18, 2024, Defendant and Counterclaim Plaintiff Micron Technology, Inc. and Defendant Micron Consumer Products Group LLC (collectively "Micron"), and Plaintiff and Counterclaim Defendant Yangtze Memory Technologies Company Ltd. and Counterclaim Defendant Yangtze Memory Technologies, Inc. (collectively "YMTC"), submit this joint letter concerning YMTC's May 6, 2024 responses to Micron's Interrogatory ("ROG") Nos. 12-15, and 22 and Request for Production ("RFP") Nos. 15, 41-45, 48-51, 53, and 73-78.  *See* Exs. A-B.  The parties have met and conferred without resolution on the issues raised herein.

<h3 align="center">Micron's Position</h3>

Micron seeks two categories of information that YMTC withholds.  First, Micron seeks discovery into YMTC's importation, sales, offers for sale, sampling, testing, qualification, and related activity—the Activity-Related Requests.  YMTC pled in other litigation that responsive information exists but refuses to produce it here.  Second, Micron seeks discovery relating to former Micron employees who are named inventors of YMTC Asserted Patents, which is relevant at least to Micron's allegation that it is the true owner of two YMTC Asserted Patents because a former Micron employee derived the inventions from others at Micron, worked on the inventions at Micron, and executed an assignment agreement with Micron to assign all interest in those inventions to Micron.  Dkt. 139 at 16-25, ¶¶ 4, 8, 19-24, 44-51.  Again, YMTC refuses to produce.

**Activity-Related Requests:**  Micron's ROG Nos. 12-15 and RFP Nos. 41-45, 48-51, and 53 seek information and documents related to testing, sales, offers for sales, uses, and importations into the U.S., YMTC's activities courting and selling to customers and working with partners, qualifying and prototyping the Accused YMTC Products, and other related activity.  *See* Exs. A-B.  This



discovery is relevant at least to Micron's claims of patent infringement and damages and to determining whether YMTC's activity amounts to sales, offers for sale, or includes other infringing activity such as importation (e.g., for demonstrations, sampling, qualification, or testing).

In response to each of these requests, YMTC stated it was "willing to meet and confer." After four months of meet and confer, YMTC has neither responded as required under the rules nor produced. This is improper. The Federal Rules of Civil Procedure require that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. Pro. 33(b)(3). In response to requests for production, a party "must state whether any responsive materials are being withheld on the basis of" their objections, "specify the part" being objected to, and "permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). *See, e.g., Song v. Drenberg*, No. 18CV06283LHKVKD, 2019 WL 5095744, *2 (N.D. Cal. Oct. 11, 2019) (a party's "response must fairly address what each request calls for and state whether the scope of his production will be limited in some respect"); *Live Nation Merch., Inc. v. Miller*, No. 13-CV-03936 CW (NC), 2014 WL 1877912, *4 (N.D. Cal. May 9, 2014) (party ordered to "amend its responses to identify the parts of the requests to which each objection pertains and which documents are being withheld"). On June 27, 2024, YMTC produced an Excel document as part of its Patent L.R. 3-4(d) production consisting of five rows of data, one for each alleged "sale" of "samples" to one of two U.S.-based entities. After meeting and conferring in July, YMTC produced (on August 20, 2024) two NDAs executed between YMTC and the counterparties to the five transactions in the Excel document and a dozen high-level marketing-type documents.

By YMTC's own admission, more exists. In another case filed in this District on June 7, 2024, YMTC pled that it "was actively engaged in discussions with numerous potential customers and technical partners located in the Northern District of California in the years leading up to 2022" and that YMTC "has been selected to supply 3D NAND flash memories to companies located and headquartered in this judicial district." *Yangtze Memory Technologies Company, Ltd. and Yangtze Memory Technologies, Inc. v. Strand Consult and Roslyn Layton*, Case No. 5:24-cv-3454, Dkt. 1, ¶ 25 (N.D. Cal. June 7, 2024). YMTC boasted that "[f]or years, [its] sale, field engineering, and quality teams, including its director of sales, routinely travelled to this judicial district to meet and work with potential customers and technical partners." *Id.*, ¶ 16. Public documents show that a mobile phone manufacturer in the U.S. (not mentioned in YMTC's productions) selected YMTC as a supplier of 3D NAND chips, indicating that YMTC's accused products were imported for sampling, evaluation, and testing.[1] These activities, even if they do not constitute a sale for money, may still constitute an act of infringement, e.g., an importation or use. But YMTC has neither produced nor stated what it is withholding as required by the Rules, stonewalling meet and confer.

Not only are YMTC's U.S. activities relevant, but so is YMTC's foreign conduct. Indeed, YMTC demanded worldwide sales information from Micron under *Brumfield v. IBG, LLC*, 97 F.4th 854 (Fed. Cir. 2024). Micron agreed to produce based on its stated expectation that Micron would

---

[1] *See, e.g.,* https://www.tomshardware.com/news/apple-to-buy-3d-nand-memory-from-chinese-ymtc.



receive the same from YMTC. YMTC now refuses because it is "a foreign-headquartered company, not in a design-win market, without US customers," but this reasoning does not distinguish *Brumfield*. Under *Brumfield*, a party may recover for foreign sales if those sales bear a causal relationship to U.S. infringement. Foreign sales and activities that may result from offers for sale in the U.S. and/or in importation into the U.S. (even of samples) are relevant to and show a causal connection to domestic infringement and are, at a minimum, discoverable. Worldwide sales and profits are "within the *broad scope* of discovery" and are relevant to issues such as a "reasonable royalty calculation," defendant's "financial condition generally," and "the affirmative defense of obviousness." *3Com Corp. v. D-Link Sys., Inc.*, No. 03-2177 VRW, 2007 WL 949596, *4 (N.D. Cal. Mar. 27, 2007). The requesting party is "not required to prove its [] infringement theory to be entitled to discovery of such information." *Id.* at *3. YMTC must produce.

**Inventor-Related Requests**: These requests seek information and documents relating to YMTC employees who were previously Micron engineers, including people who worked on Micron's accused technology. Exs. A-B. YMTC responded to RFP No. 15, which seeks communications between Named Inventors and YMTC relating to the patents, accused products, and the lawsuit, by stating that it was "willing to meet and confer," and responded to ROG No. 22 and RFP Nos. 73-78 that it would not produce documents or information. *See* Exs. A-B. YMTC failed to provide responsive documents and confirmed it will not do so during meet and confer.

YMTC's position is that this information is not relevant to any claim or defense. In fact, each of these requests is relevant to Micron's defenses of invalidity and standing, which assert that a named inventor of two YMTC Asserted Patents did not "invent[] or discover[]" the inventions, as required by 35 U.S.C. § 101, but instead derived them from Micron, and that YMTC lacks standing because the named inventor assigned any rights to the inventions to Micron when he worked there. Dkt. 139 at 16-17, ¶¶ 4, 8. These requests also are relevant to Micron's counterclaims for declaratory judgment of ownership of the two YMTC Asserted Patents. *Id.*, ¶¶ 44-51. Micron pleaded that YMTC named inventors were former Micron engineers in February 2024 (Dkt. 35, ¶ 4) and asserted invalidity defenses related to inventorship of other YMTC Asserted Patents in its YMTC 1 Preliminary Invalidity Contentions in June 2024—YMTC had notice of the relevance months ago.

Micron thus seeks the Court's assistance in compelling YMTC to produce information and documents related to former Micron engineers who are named inventors on YMTC Asserted Patents, pursuant to Micron's ROG No. 22 and RFP Nos. 15 and 73-78.

**YMTC's Position**

**Activity-Related Requests.** YMTC is not withholding discovery about its alleged infringing activities in the United States. It has produced responsive information; continues to search for additional responsive information; and informed Micron it will be supplementing its interrogatory responses by October 11. Regrading the "mobile phone manufacturer" Micron cites, YMTC is in the process of clearing confidentiality restrictions to produce responsive information. Micron's



reference to the *Strand* complaint is a red herring: "engaging with" customers in California is not infringing, nor relevant to Micron's counterclaims, unless such efforts resulted in or were accompanied by a sale, offer to sell, or importation of an accused product—discovery into which YMTC **is** providing—nor has Micron articulated the relevance of that information here.

The dispute here is about the ***scope*** of Micron's RFPs and ROGs. The discovery sought far exceeds what is relevant and proportional, as discussed more below. YMTC requested Micron narrow its requests to a reasonable and proportional scope; Micron refused. Micron's position, espoused again here, is that YMTC can and is required to fix Micron's overbroad requests by rewriting them in a manner YMTC believes is acceptable. None of Micron's cited cases supports that position. And that position is incompatible with FRCP 34(b)(1), which requires RFPs to state "with particularity" the items sought, and with Civil L.R. 37-2, which requires that the ***requesting*** party "must show how the proportionality and other requirements" of the Federal Rules are met.

Micron's requests are overbroad and improper. RFP 42, for example, demands "all" agreements "related to 3D NAND."[2] For a company whose business is 3D NAND, that request would cover virtually any agreement YMTC has entered into, e.g., with employees; for the purchase of raw materials; or with common carriers to ship good. None of that is relevant to this case, nor proportional to Micron's counterclaims. As another example, RFP 43 seeks "all" documents about efforts to obtain approval or qualification of products in the U.S., regardless of whether such "efforts" succeeded or involved any importation or use of accused products in the U.S. Unrealized "efforts," unaccompanied by any act that could infringe, lack relevance—and "all" documents about such efforts lack proportionality. This is especially true when YMTC has and is undertaking a reasonable search for documents sufficient to show any accused products that YMTC has sold, offered for sale, or used in, or imported into, the United States. And as another example, RFP 45 demands "all" marketing materials and "other documents" YMTC has ever given to any customer, at any time, anywhere in the world, regarding YMTC's products. It would be difficult to fashion a broader or more burdensome request. Micron's other requests fail for similar reasons.

Micron's arguments that YMTC's foreign conduct and sales are relevant, lacks merit. Micron dropped its claims of indirect infringement and thus attempts to justify its requests as relevant to direct infringement. That attempt fails. *Brumfield* does not stand for the proposition that discovery into foreign sales activities is always relevant. That case established that reasonable royalty damages based on foreign conduct (e.g., sales of accused products) may be permissible provided there is a sufficient causal connection between ***infringement*** in the United Sates and such resulting foreign sales, i.e., the U.S. infringement was the proximate cause of those foreign sales. 97 F.4th at 877-78. There is no good faith basis for Micron to assert that the few U.S. transactions (from 2022) that is the basis for Micron's counterclaims were the proximate cause of all YMTC foreign sales (which is what Micron demands). It is not credible to argue that sales between YMTC, a Chinese company, and customers based in, for example, China, were proximately caused by a few

---

[2] RFPs 43-45 similarly and improperly seek "all" documents without any showing of proportionality.



transactions—provisioning of samples—to two unrelated companies in the U.S. While Micron need not prove its claims at this juncture, discovery is not a free-for-all; Micron must show at least a reason to believe that such expansive discovery—all of YMTC's foreign sales—is causally tied to the limited U.S. infringement that Micron has alleged. *See, e.g.*, *FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 15CV1879, 2016 WL 6522808, at *7 (S.D. Cal. Nov. 3, 2016) (denying foreign sales discovery). Micron has not and cannot do so.

**Inventor-Related Requests.** Micron's assertions that these requests (a) narrowly seek information about former Micron employees now at YMTC, (b) which is relevant to Micron's defense of standing/inventorship and patent ownership, are both demonstrably incorrect. RFP 15 requests "*all*" documents concerning *every* communication *every* YMTC named inventor (not only former Micron employees) had with *anyone* at YMTC, concerning a broad array of topics. Micron does not justify the breadth of this request, and during the meet and confer process, it declined to narrow the request.[3] This request is unrelated to Micron's standing or ownership defenses (for example, the requests encompass any communication about YMTC 3D NAND products, no matter the subject) nor is the request proportional to those defenses. RFPs 73-78 fare no better. They broadly seek (a) information about any YMTC employee who ever worked at Micron (RFP 73); and (b) all documents received from, and communications with, anyone who ever worked at Micron, regardless of the connection to YMTC's asserted patents or ex-Micron named inventors (RPFs 74-78). Micron refused to narrow these requests. ROG No. 22 is similar.

Micron's attempt to tether these broad requests to its "defenses of invalidity and standing" and DJ counterclaims of patent ownership (*see supra*), lacks merit. First, those defenses/claims apply to only *two* of the nineteen asserted patents ('322, '254) and just *one* of the named inventors (Mr. Zhu) (*see* Dkt. 139 at 16-17, ¶¶ 4, 8). But Micron's requests encompass every asserted patent, every inventor, and everything ever obtained from or about Micron. Second, even if the requests were limited only to Mr. Zhu and the '322 and '254 patents, Micron does not explain how its requests are relevant or proportional. If, as Micron alleges, Mr. Zhu invented or derived from others those two patents *while at Micron*, which he left one year before the priority applications were filed, it is *Micron* that would have the documentation to prove such facts—not YMTC.[4] But Micron has pleaded no supporting facts—consequently, YMTC will be moving to dismiss, which if granted, moots Micron's arguments here—and produced no supporting materials. These exceedingly broad requests, not tethered to the claims or defenses, seem designed to harass, and read as if Micron had pled a massive trade secret theft claim. It hasn't and "discovery cannot be used as a fishing expedition for evidence of claims that have not been properly pled." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-CV-03161, 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (citation omitted).

---

[3] This is a similar tack Micron took during the PO dispute. *See* ECF 73 (Discovery Order) at 4 (characterizing Micron's position as "probably the most grossly overreaching discovery argument that the undersigned judge has ever seen").
[4] Alleged invention earlier than the filing date *must* be supported with corroborating evidence, *see, e.g.*, *Slip Track Systems, Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1263 (Fed. Cir. 2022), and such evidence would necessarily be in Micron's files if such alleged invention happened at Micron, as Micron claims.



Respectfully submitted,

By: _/s/ Andrew T. Radsch_

James R. Batchelder (CSB # 136347)
Andrew T. Radsch (CSB # 303665)
James F. Mack (CSB # 322056)
Nancy N. Attalla (CSB # 341070)
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
james.batchelder@ropesgray.com
andrew.radsch@ropesgray.com
james.mack@ropesgray.com
nancy.attalla@ropesgray.com

Rachael Bacha (NYB # 4817938)
**ROPES & GRAY LLP**
1211 Avenue of the America
New York, NY 10036
Telephone: (212) 596-9062
rachael.bacha@ropesgray.com

Allen S. Cross (DCB# 252687)
Nicole S. L. Pobre (DCB # 1735421)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue,
N.W. Washington, D.C. 20006
Telephone: (202) 508-4600
nicole.pobre@ropesgray.com

_Attorneys for Plaintiff and Counterclaim_
_Defendant YANGTZE MEMORY_
_TECHNOLOGIES and Counterclaim_
_Defendant COMPANY, LTD. AND YANGTZE_
_MEMORY TECHNOLOGIES, INC._

By: _/s/ Diana M. Rutowski_

Jared Bobrow (State Bar No. 133712)
jbobrow@orrick.com
Jason Lang (State Bar No. 255642)
jlang@orrick.com
Diana M. Rutowski (State Bar No. 233878)
drutowski@orrick.com
**ORRICK, HERRINGTON &**
**SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

_Attorneys for Defendant and Counter-claim_
_Plaintiff MICRON TECHNOLOGY, INC.,_
_and Defendant MICRON CONSUMER_
_PRODUCTS GROUP LLC_



## SIGNATURE ATTESTATION

I, Diana Rutowski, am the ECF User whose ID and password are being used to file this JOINT DISCOVERY LETTER BRIEF. In compliance with Civil Local Rule 5-1(i), I hereby attest that I have obtained approval for the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document.

Dated: October 4, 2024

ORRICK HERRINGTON & SUTCLIFFE LLP

By: */s/ Diana M. Rutowski*
    Diana M. Rutowski

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650-614-7400
Facsimile:    +1 650-614-7401

*Attorneys for Defendant and Counter-claim Plaintiff*
*MICRON TECHNOLOGY, INC., and Defendant*
*MICRON CONSUMER PRODUCTS GROUP LLC*