# EXHIBIT A

James R. Batchelder (CSB # 136347)
Andrew T. Radsch (CSB # 303665)
James F. Mack (CSB # 322056)
Nancy N. Attalla (CSB # 341070)
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
james.batchelder@ropesgray.com
andrew.radsch@ropesgray.com
james.mack@ropesgray.com
nancy.attalla@ropesgray.com

Additional counsel on signature page

*Attorneys for Plaintiff and Counterclaim Defendant*
*YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD.*
*and Counterclaim Defendant*
*YANGTZE MEMORY TECHNOLOGIES, INC.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., and MICRON CONSUMER PRODUCTS GROUP, LLC, <br><br> Defendants. | Case No. 3:23-cv-05792-RFL <br><br> **PLAINTIFF AND COUNTERCLAIM DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES (NOS. 1-22)** |
| MICRON TECHNOLOGY, INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD., and YANGTZE MEMORY TECHNOLOGIES, INC., <br><br> Counterclaim Defendants. | |

CONFIDENTIAL

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff and Counterclaim Defendant Yangtze Memory Technologies Company, Ltd. and Counterclaim Defendant Yangtze Memory Technologies, Inc. (collectively, "YMTC") hereby object to and provide the following responses to Defendant and Counterclaim Plaintiff Micron Technology, Inc.'s ("Micron") First Set of Interrogatories (Nos. 1-22) as follows:

YMTC responds to Micron's First Set of Interrogatories as it interprets and understands each Interrogatory set forth therein. If Micron subsequently asserts an interpretation of any Interrogatory that differs from YMTC's understanding of that Interrogatory, YMTC reserves the right to supplement, revise, amend, or modify its objections and/or responses.

These answers are made solely for the purpose of this action. Each answer is subject to all objections on the grounds of competence, relevance, materiality, propriety, proportionality to the needs of the case, and admissibility, and to any and all other objections on any ground that would require the exclusion of any statement contained herein if such Interrogatory were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended by the answers herein. YMTC's responses to these Interrogatories do not constitute admissions relative to the existence of any documents or information, to the relevance or admissibility of any documents or information, or to the truth or accuracy of any statement or characterization contained in Micron's Interrogatories. The fact that YMTC has answered part or all of any Interrogatory is not intended to be, and shall not be construed to be, a waiver by YMTC of any part of any objection to any Interrogatory. All objections as to relevance, authenticity, or admissibility of any document produced in response to these Interrogatories are expressly reserved.

**GENERAL OBJECTIONS**

Each of YMTC's responses to Micron's First Set of Interrogatories is subject to, and incorporates, the following General Objections. YMTC specifically incorporates each of these

General Objections into its specific responses to each of Micron's Interrogatories, whether or not each such General Objection is expressly referred to in a specific response. YMTC's responses are made without waiving any of these General Objections.

1. YMTC objects to each Interrogatory to the extent that it is inconsistent with, or imposes obligations beyond those required by, the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California, Judge Rita F. Lin's Standing Order for Civil Cases, or any other schedule or ruling that may be entered by the Court.

2. YMTC objects to these Interrogatories as overly broad and unduly burdensome to the extent that they are not within the scope of permissible discovery as set forth in the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California, Judge Lin's Standing Order for Civil Cases, or any other schedule or ruling that may be entered by the Court.

3. YMTC objects to these Interrogatories to the extent that they seek discovery that is premature or contrary to that set forth in the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California, Judge Lin's Standing Order for Civil Cases, or any other schedule or ruling that may be entered by the Court.

4. YMTC objects to these Interrogatories as unreasonably burdensome to the extent that the information requested is not currently within the possession, custody, or control of YMTC.

5. YMTC objects to these Interrogatories to the extent they call for disclosure of information that is not ascertainable by means of a reasonably diligent search, including without limitation information that is not maintained by YMTC in the normal course of business or that is no longer maintained by YMTC.

CONFIDENTIAL

6.  YMTC objects to these Interrogatories to the extent that they seek information and/or identification of documents and things subject to a confidentiality obligation owed to a non-party to this case. YMTC will not disclose such information, documents, or things without permission of the non-party.

7.  YMTC objects to these Interrogatories to the extent that they seek to compel YMTC to generate or create information and/or documents that do not already exist.

8.  YMTC objects to these Interrogatories as unreasonably burdensome to the extent that they seek information and/or identification of documents already known to Micron or available to Micron from documents in its own files or from public sources that are equally as accessible to Micron as they are to YMTC.

9.  YMTC objects to these Interrogatories to the extent that they are harassing or would lead to unnecessary delay or needless increase in the cost of this action.

10. YMTC objects to each Interrogatory as overly broad to the extent it is not limited by any time period and seeks information dated prior to the statutorily defined period for which Micron might be entitled to damages if it were to prove infringement and compliance with the marking requirement. YMTC will therefore limit its responses to a reasonable time period applicable to each Request subject to YMTC's objections.

11. YMTC objects to each Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Nothing contained in YMTC's responses is intended to be, or in any way shall be deemed, a waiver of any such applicable privilege or doctrine.

12. YMTC objects to each Interrogatory as overly broad, unduly burdensome, not relevant to the claims or defenses of any party in this lawsuit, and not proportional to the needs of the case to the extent that it seeks identification of any YMTC products beyond those identified by Micron in Micron's Answer to the First Amended Complaint and Counterclaims, served on YMTC on February 20, 2024.

3

YMTC'S RESPONSES TO 1ST SET OF ROGS (NOS. 1-22)    CASE NO. 3:23-CV-05792-RFL

CONFIDENTIAL

13. YMTC objects to each Interrogatory as overly broad, unduly burdensome, not relevant to the claims or defenses of any party in this lawsuit, and not proportional to the needs of the case to the extent that it seeks information unrelated to the subject matter allegedly claimed in the asserted claims of U.S. Patent Nos. 10,475,737, 8,945,996, 8,803,214, 10,872,903, 10,373,974, 10,950,623, 11,501,822, 10,658,378, 10,937,806, 10,861,872, 11,468,957, 11,600,342 and 10,868,031.

14. YMTC objects to the Interrogatories on the grounds that they are vague, ambiguous, and unduly burdensome to the extent that they require YMTC to define unclear terms in Micron's Interrogatories.

15. YMTC objects to the Interrogatories to the extent that they fail to describe with reasonable particularity the information requested.

16. YMTC objects to the Interrogatories on the grounds that they are vague, ambiguous, indefinite, or unduly burdensome to the extent that they contain no geographic limitations.

17. YMTC objects to these Interrogatories to the extent they require the identification of expert witnesses or the substance of their opinions or anticipated testimony because the timing of that identification is governed by the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California, Judge Lin's Standing Order for Civil Cases, and any other schedule or ruling that may be entered by the Court.

18. YMTC objects to these Interrogatories to the extent that they purport to require YMTC to analyze, interpret, or summarize information for Micron that is contained in documents produced by YMTC.

19. YMTC objects to each Interrogatory to the extent that it is duplicative or cumulative of another Interrogatory.

20. YMTC objects to each and every definition, instruction, and Interrogatory to the extent that such definition, instruction, or Interrogatory calls for a legal conclusion.

4

21. YMTC expressly reserves the right to respond to any and all of the Interrogatories by producing documents from which responsive information may be ascertained pursuant to Fed. R. Civ. P. 33(d).

22. YMTC's agreement to produce any category of information or documents is not a representation that any such documents or information in that category actually exist in YMTC's possession, custody, or control, or can be located through a reasonable search, or that such documents or information are relevant.

23. YMTC objects to these Interrogatories to the extent that they purport to require YMTC to anticipate Micron's future claims or defenses and/or other developments in this action. YMTC has not completed its discovery, investigation, research, and trial preparation, and provides these responses to Micron's Interrogatories based solely on the information presently known to it. YMTC's responses herein are given without prejudice to YMTC's right to amend or supplement in accordance with Fed. R. Civ. P. 26(e).

24. YMTC objects to these Interrogatories to the extent that they are premature due to the fact that YMTC's Motion to Dismiss the claims against the Accused YMTC Products is still pending (Dkt. No. 049).

25. The Interrogatories include multiple subparts. YMTC reserves the right to object to Interrogatories that exceed the number authorized by the Federal Rules of Civil Procedure and any order entered by the Court.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. YMTC objects to Micron's Definitions and Instructions to the extent they purport to create requirements or obligations beyond the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California, Judge Lin's Standing Order for Civil Cases, or any other schedule or ruling that may be entered by the Court.

2.    YMTC objects to Micron's Definitions and Instructions to the extent they seek information protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or any other applicable privilege or exemption.

3.    YMTC objects to the definition of "You," "Your," "YMTC," and "Plaintiff" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case to the extent it includes "each of their predecessors and successors, their past and present parents, subsidiaries, divisions, and affiliates, other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys)." YMTC interprets the terms "You," "Your," "YMTC," and "Plaintiff" as referring to Plaintiff and Counterclaim Defendant Yangtze Memory Technologies Company, Ltd. and Counterclaim Defendant Yangtze Memory Technologies, Inc., named in this action.

4.    YMTC objects to the definition of "Named Inventor(s)" as overly broad, unduly burdensome, vague, ambiguous, and encompassing irrelevant information to the extent it includes individuals "named as an inventor at any time during the prosecution."

5.    YMTC objects to the definition of "Related Patents or Patent Applications" as applied in the Interrogatories as overly broad, unduly burdensome, vague, ambiguous, and encompassing irrelevant information because it purports to include "all published and unpublished pending and abandoned applications."

6.    YMTC objects to the definitions of the "64L Accused Products," "128L Accused Products," "232L Accused Products," and "Accused YMTC Product(s)" as applied in the Interrogatories as overly narrow, and failing to encompass relevant products and/or methods.

7.    YMTC objects to the definition of "MTI Asserted Claims" to the extent the claims identified in this definition will be different from the claims identified in Micron's Infringement Contentions, which Micron has yet to serve on YMTC. YMTC interprets the phrase "Asserted Claims" as the claims identified in Micron's Counterclaims.

8.    YMTC objects to the definition of "Related Patents or Patent Applications" as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it includes

CONFIDENTIAL

foreign or domestic "patents or patent applications (including all published and unpublished pending and abandoned applications)" not asserted in this suit and/or unrelated to the subject matter of this action.

9.     YMTC objects to the definition of "Prior Art" as overly broad, unduly burdensome, vague, ambiguous, and encompassing irrelevant information to the extent it encompasses more than that stated in 35 U.S.C. §§ 102-103.

10.    YMTC objects to the definition of "Practicing Product" as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent that it encompasses "any product, system, apparatus, method, or process that is or was designed (including test chips, prototypes, and engineering samples), tested, manufactured, used, distributed, acquired, licensed, leased, sold, offered for sale, provided, exported, imported, or marketed" by YMTC and or "any of YMTC's licensees, any prior owner or assignee of the YMTC Asserted Patents, or any authorized licensees of any prior owner or assignee of the YMTC Asserted Patents."

11.    YMTC objects to the definition of "document" to the extent that it is inconsistent with the Federal Rules of Civil Procedure.

12.    YMTC objects to the definition of "communication" as overly broad, unduly burdensome, and not proportional to the needs of the case.

13.    YMTC objects to the definitions of "relating to," "related to," "relate to," "refer to," or "concerning" as overly broad, unduly burdensome, and not proportional to the needs of the case.

14.    YMTC objects to the definition of "identify" to the extent it purports to create requirements or obligations beyond the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California, Judge Lin's Standing Order for Civil Cases, or any other schedule or ruling that may be entered by the Court.

15.    YMTC objects to the definition of "Person" as overly broad, unduly burdensome, and not proportional to the needs of the case.

16.     YMTC objects to the Instructions that accompany the Interrogatories to the extent they purport to specify the manner or format in which YMTC must respond to the Interrogatories.  YMTC will respond in a manner that conforms with the Federal Rules of Civil Procedure, the Local Rules, and any other applicable order, rule, or regulation.

17.     YMTC objects to Instructions 5-11 to the extent they seek to impose a requirement on YMTC different from that required by Fed. R. Civ. P. 33(b)(4).

18.     YMTC objects to Instruction 12 that "These interrogatories shall be deemed continuing" as unduly burdensome.  YMTC will continue to supplement its responses until the close of fact discovery.

19.     YMTC incorporates these General Objections into the specific objections set forth below.  While YMTC may repeat a General Objection for emphasis or some other reason, the absence of specifically referring to any General Objection does not constitute a waiver of any sort.  Moreover, subject to the requirements of the Federal Rules of Civil Procedure, YMTC reserves the right to alter or amend its objections and responses set forth herein as additional facts are ascertained and analyzed.

**RESPONSES TO INTERROGATORIES**

YMTC's responses are based upon current information and belief as a result of reasonable searches and inquiries:

**INTERROGATORY NO. 12**

Separately for each Accused YMTC Product identified in response to Interrogatory No. 11, identify every instance in which YMTC has tested, qualified, compliance checked, or used the Accused YMTC Product in the United States, including without limitation the identity of the locations, including the address of the locations, of such testing, qualification, checking, or use, the facts and circumstances surrounding such testing, qualification, checking, or use, the identity of each person with knowledge of such testing or use, and the identity of each document or thing that relates to any of the foregoing.

**RESPONSE TO INTERROGATORY NO. 12**

YMTC incorporates by reference its General Objections. YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "qualified," and "used." YMTC objects to this request to the extent that it purports to require the premature disclosure of expert testimony, evidence, argument, contentions, or any other disclosure inconsistent with the Federal Rules of Civil Procedure,

any local rules, or the Case Schedule entered in this matter. YMTC contends that this request is premature because it requires disclosure of expert testimony prior to the time required by the Case Schedule. YMTC objects to this request on the ground that it is not relevant to any claim or defense in this action, to the extent it calls for discovery irrelevant to the Accused YMTC Products. YMTC objects to this request on the grounds overly broad and unduly burdensome to the extent the information sought can be obtained more efficiently and appropriately from other forms of discovery, such as a request for production of documents.

Subject to its Objections, YMTC is willing to meet and confer regarding the scope of discovery requested by this Interrogatory.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this Interrogatory as warranted by its ongoing investigation.

**INTERROGATORY NO. 13**

Separately for each Accused YMTC Product identified in response to Interrogatory No. 11, identify and describe all sales and offers for sale of the Accused YMTC Products since January 1, 2016, including, on a monthly and per-country basis, the number of units sold, the revenue for each sale, the cost of each sale, the profits for each sale, the identity and location of the customer or purchaser for each sale, the identity and location of all distributors, importers, and exporters for each sale, the location to which the products were shipped, the location to which the products were billed, and the country from which the product was shipped.

**RESPONSE TO INTERROGATORY NO. 13**

YMTC incorporates by reference its General Objections. YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "revenue," "cost," "profits," "offer," "units, "cost of sale" and "exporters." YMTC contends that this request is premature because it requires disclosure of expert testimony prior to the time required by the Case Schedule. YMTC objects to this request on the ground that it is not relevant to any claim or defense in this action, to the extent it calls for discovery irrelevant to the Accused YMTC Products. YMTC objects to this request on the grounds overly broad

and unduly burdensome to the extent the information sought can be obtained more efficiently and appropriately from other forms of discovery, such as a request for production of documents.

Subject to its Objections, YMTC is willing to meet and confer regarding the scope of discovery requested by this Interrogatory.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this Interrogatory as warranted by its ongoing investigation.

**INTERROGATORY NO. 14**

Describe in detail the discussions and negotiations surrounding each offer for sale, sale, or use in, or import into, the United States of each Accused YMTC Product identified in response to Interrogatory No. 11, including the individual(s) at the customer or purchaser with whom You discussed or negotiated, the identity of the YMTC employees, directors, or officers that participated in the offer for sale, sale, use, or import, the identity of any agreements that resulted from such discussions or negotiations, and the identity of any documents and things relating to any of the foregoing.

**RESPONSE TO INTERROGATORY NO. 14**

YMTC incorporates by reference its General Objections. YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "sale," "offer for sale," "use in," "customer," and "purchaser." YMTC objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege, or the work-product doctrine. YMTC objects to this request to the extent that it purports to require the premature disclosure of expert testimony, evidence, argument, contentions, or any other disclosure inconsistent with the Federal Rules of Civil Procedure, any local rules, or the Case Schedule entered in this matter. YMTC contends that this request is premature because it requires disclosure of expert testimony prior to the time required by the Case Schedule. YMTC objects to this request on the ground that it is not relevant to any claim or defense in this action, to the extent it calls for "any documents and things relating to any of the foregoing." YMTC objects to this request on the grounds overly broad and unduly burdensome to the extent the

information sought can be obtained more efficiently and appropriately from other forms of discovery, such as a request for production of documents.

Subject to its Objections, YMTC is willing to meet and confer regarding the scope of discovery requested by this Interrogatory.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this Interrogatory as warranted by its ongoing investigation.

**INTERROGATORY NO. 15**

Describe YMTCL's and YMTI's past and present efforts to obtain approval or qualification of the Accused YMTC Products in the United States, including by identifying the individual(s) at each customer or potential customer with whom You Communicated about such approval or qualification, identifying the YMTCL and YMTI officers, directors, or employees involved with such approvals or qualifications, and identifying all documents and things relating to such approvals or qualifications.

**RESPONSE TO INTERROGATORY NO. 15**

YMTC incorporates by reference its General Objections. YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "approval or qualification." YMTC objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege, or the work-product doctrine. YMTC further objects to this request as overly broad and unduly burdensome to the extent it is not bounded in time. YMTC further objects to this request to the extent it seeks information, the production of documents, and/or things that YMTC is under an obligation not to disclose, including information or documents that would require YMTC to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality. YMTC objects to this request to the extent it is compound or includes multiple discrete subparts and therefore is improperly categorized as a single request. YMTC contends that this request is premature because it requires disclosure of expert testimony prior to the time required by the Case Schedule. YMTC objects to this request on the ground that it is not relevant to any claim or defense in this action. YMTC further objects to this request as neither relevant nor proportional to the needs of the case, to the extent it calls for "all documents and things." YMTC

CONFIDENTIAL

objects to this request on the grounds overly broad and unduly burdensome to the extent the information sought can be obtained more efficiently and appropriately from other forms of discovery, such as a request for production of documents.

Subject to its Objections, YMTC is willing to meet and confer regarding the scope of discovery requested by this Interrogatory.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this Interrogatory as warranted by its ongoing investigation.

**INTERROGATORY NO. 22**

For YMTC employees who were previously Micron engineers, including but not limited to Hongbin Zhu, Daesik Song, Jun Liu, Zhenyu Lu, Qian Tao, Yushi Hu, and Changhyun Lee, identify when each was hired by YMTC, current and previous job titles and responsibilities of each from the time of hire at YMTC to the present, and any documents or things that relate to or originate from any of the foregoing employees' work at Micron.

**RESPONSE TO INTERROGATORY NO. 22**

YMTC incorporates by reference its General Objections. YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "employees," "engineers," "hired,"

"responsibilities," and "originate from." YMTC objects to this request on the ground that it is not relevant to any claim or defense in this action or proportional to the needs of the case.

Defendant will not produce any information or provide any documents in response to this Interrogatory.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this Interrogatory as warranted by its ongoing investigation.

Respectfully submitted,

Date: May 6, 2024

By: */s/ Andrew T. Radsch*

James R. Batchelder (CSB # 136347)
Andrew T. Radsch (CSB # 303665)
James F. Mack (CSB # 322056)
Nancy N. Attalla (CSB # 341070)
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
james.batchelder@ropesgray.com
andrew.radsch@ropesgray.com
james.mack@ropesgray.com
nancy.attalla@ropesgray.com

Rachael Bacha (NYB # 4817938)
1211 Avenue of the America
New York, NY 10036
Telephone: (212) 596-9062
rachael.bacha@ropesgray.com

Nicole S. L. Pobre (DCB # 1735421)
2099 Pennsylvania Avenue,
N.W. Washington, D.C. 20006
Telephone: (202) 508-4600
nicole.pobre@ropesgray.com

*Attorneys for Plaintiff and Counterclaim Defendant*
*YANGTZE MEMORY TECHNOLOGIES*
*and Counterclaim Defendant*
*COMPANY, LTD. AND YANGTZE MEMORY*
*TECHNOLOGIES, INC.*

CONFIDENTIAL

## CERTIFICATE OF SERVICE

I hereby certify that this document is being served upon counsel of record for Defendant's and Counterclaim Plaintiff on May 6, 2024, via electronic service.

*/s/ Drago Gregov*
Drago Gregov