# EXHIBIT B

1  For James R. Batchelder (CSB # 136347)
   Andrew T. Radsch (CSB # 303665)
2  James F. Mack (CSB # 322056)
   Nancy N. Attalla (CSB # 341070)
3  **ROPES & GRAY LLP**
   1900 University Avenue, 6th Floor
4  East Palo Alto, CA 94303-2284
   Telephone: (650) 617-4000
5  james.batchelder@ropesgray.com
   andrew.radsch@ropesgray.com
6  james.mack@ropesgray.com
   nancy.attalla@ropesgray.com
7
   Additional counsel on signature page
8  *Attorneys for Plaintiff and Counterclaim Defendant*
9  ***YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD.***
   *and Counterclaim Defendant*
10 ***YANGTZE MEMORY TECHNOLOGIES, INC.***

11                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
12                       **SAN FRANCISCO DIVISION**

13 _____
                                       )
14 YANGTZE MEMORY TECHNOLOGIES     )  Case No. 3:23-cv-05792-RFL
   COMPANY, LTD.,                  )
15                                 )  **PLAINTIFF AND COUNTERCLAIM**
              Plaintiff,           )  **DEFENDANTS' RESPONSES TO FIRST SET**
16                                 )  **OF REQUESTS FOR PRODUCTION**
        v.                         )  **(NOS. 1-81)**
17                                 )
   MICRON TECHNOLOGY, INC., and    )
18 MICRON CONSUMER PRODUCTS        )
   GROUP, LLC,                     )
19                                 )
              Defendants.          )
20                                 )
   _____)
21 MICRON TECHNOLOGY, INC.,        )
                                   )
22         Counterclaim Plaintiff, )
        v.                         )
23 YANGTZE MEMORY TECHNOLOGIES     )
   COMPANY, LTD., and YANGTZE      )
24 MEMORY TECHNOLOGIES, INC.,      )
              Counterclaim Defendants. )
25                                 )
                                   )
26 _____)

27

28

CONFIDENTIAL

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiff and Counterclaim Defendant Yangtze Memory Technologies Company, Ltd. and Yangtze Memory Technologies, Inc. (collectively, "YMTC") hereby object to and provides the following responses to Defendant and Counterclaim Plaintiff Micron Technology, Inc. ("Micron") First Set of Requests for Production (Nos. 1-81) as follows:

YMTC responds to Micron's First Set of Requests for Production as it interprets and understands each Request set forth therein. If Micron subsequently asserts an interpretation of any Request that differs from YMTC's understanding of that Request, YMTC reserves the right to supplement, revise, amend, or modify its objections and/or responses.

No incidental or implied admissions are intended by the responses herein. YMTC's responses to these Requests do not constitute admissions relative to the existence of any documents or information, to the relevance or admissibility of any documents or information, or to the truth or accuracy of any statement or characterization contained in Micron's Requests. The fact that YMTC has answered part or all of any Request is not intended to be, and shall not be construed to be, a waiver by YMTC of any part of any objection to any Request. All objections as to relevance, authenticity, or admissibility of any document produced in response to these Requests are expressly reserved.

## GENERAL OBJECTIONS

Each of YMTC's responses to Micron's First Set of Requests for Production is subject to, and incorporates, the following General Objections. YMTC specifically incorporates each of these General Objections into its specific responses to each of Micron's Requests, whether or not each such General Objection is expressly referred to in a specific response. YMTC's responses are made without waiving any of these General Objections.

1.      YMTC objects to each Request for Production to the extent that it is inconsistent with, or imposes obligations beyond those required by, the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, the Local Rules of Practice for Patent Cases before the United States District Court for the

1

Northern District of California, Judge Lin's Standing Order for Civil Cases, or any other schedule or ruling that may be entered by the Court.

2.    YMTC objects to these Requests as overly broad and unduly burdensome to the extent that they are not within the scope of permissible discovery as set forth in the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California, Judge Rita. F. Lin's Standing Order for Civil Cases, or any other schedule or ruling that may be entered by the Court.

3.    YMTC objects to these Requests to the extent that they seek discovery that is premature or contrary to that set forth in the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California, the Standing Order for Civil Cases Before Judge Lin, or any other schedule or ruling that may be entered by the Court.

4.    YMTC objects to these Requests as unreasonably burdensome to the extent that the information and documents requested are not currently within the possession, custody, or control of YMTC.

5.    YMTC objects to these Requests to the extent they call for disclosure of information or documents that are not obtainable by means of a reasonably diligent search, including without limitation documents that are not maintained by YMTC in the normal course of business or that are no longer maintained by YMTC.

6.    YMTC objects to these Requests to the extent that they seek production of information or documents subject to a confidentiality obligation owed to a non-party to this case.  YMTC will not produce such information, documents, or things without permission of the non-party.

7.    YMTC objects to these Requests to the extent that they seek the production of confidential or proprietary documents or information prior to the entry of a Protective Order in this case.

CONFIDENTIAL

8.      YMTC objects to these Requests to the extent that they seek information or documents that are not relevant to the claims, counterclaims, defenses, or subject matter of the pending action or proportional to the needs of the case.

9.      YMTC objects to these Requests to the extent that they seek to compel YMTC to generate or create information and/or documents that do not already exist.

10.     YMTC objects to these Requests as unreasonably burdensome to the extent that they seek information and/or documents already known to Micron or available to Micron from documents in its own files or from public sources that are equally as accessible to Micron as they are to YMTC.

11.     YMTC objects to these Requests to the extent that they are harassing or would lead to unnecessary delay or needless increase in the cost of this action.

12.     YMTC objects to each Request as overly broad to the extent it is not limited by any time period and seeks information dated prior to the statutorily defined period for which Micron would be entitled to damages if it were to prove infringement.  YMTC will therefore limit its responses to the relevant time period under 35 U.S.C. § 286 or to a reasonable time period applicable to each Request.

13.     YMTC objects to each Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Nothing contained in YMTC's responses is intended to be, or in any way shall be deemed, a waiver of any such applicable privilege or doctrine.

14.     YMTC objects to each Request as overly broad, unduly burdensome, not relevant to the claim or defense of any party in this lawsuit, and not proportional to the needs of the case to the extent that it seeks documents concerning any YMTC products beyond those identified by Micron in its Disclosure of Asserted Claims and Infringement Contentions to YMTC, Inc. ("Infringement Contentions").

15.     YMTC objects to each Request as overly broad, unduly burdensome, not relevant to the claim or defense of any party in this lawsuit, and not proportional to the needs of the case to the

extent that it seeks documents unrelated to the subject matter allegedly claimed in the asserted claims of U.S. Patent Nos. 10,475,737, 8,945,996, 8,803,214, 10,872,903, 10,373,974, 10,950,623, 11,501,822, 10,658,378, 10,937,806, 10,861,872, 11,468,957, 11,600,342 and 10,868,031.

16.     YMTC objects to the Requests on the grounds that they are vague, ambiguous, and unduly burdensome to the extent that they require YMTC to define unclear terms in Micron's Requests.

17.     YMTC objects to the Requests to the extent that they fail to describe with reasonable particularity the information or documents requested.

18.     YMTC objects to the Requests on the grounds that they are vague, ambiguous, indefinite, or unduly burdensome to the extent that they contain no geographic limitations.

19.     YMTC objects to these Requests to the extent they require the identification of any expert witnesses or the substance of their opinions or anticipated testimony because the timing of that identification is governed by the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California, the Standing Order for Discovery in Civil Cases Before Judge William H. Orrick, and any other schedule or ruling that may be entered by the Court.

20.     YMTC objects to these Requests to the extent that they purport to require YMTC to analyze, interpret, or summarize information for Micron that is contained in information or documents produced by YMTC.

21.     YMTC objects to each Request to the extent that it is duplicative or cumulative of another Request.

22.     YMTC objects to each and every definition, instruction, and Request to the extent that such definition, instruction, or Request calls for a legal conclusion.

23.     YMTC's agreement to produce any category of information or documents is not a representation that any such documents or information in that category actually exist in YMTC's

CONFIDENTIAL

1    possession, custody, or control, or can be located through a reasonable search, or that such documents

2    or information are relevant.

3        24.    YMTC objects to these Requests to the extent that they relate to claims currently under

4    review in YMTC's pending Motion to Dismiss the claims against the Accused YMTC Products (Dkt.

5    No. 049).

6        25.    YMTC objects to these Requests to the extent they purport to require YMTC to search

7    for and/or produce email.  YMTC will not search for or produce email in response to these Requests.

8    YMTC is willing to meet and confer regarding an appropriate ESI order to govern the limited

9    production of email, if any, in accordance with the discussions of the parties regarding such as order.

10       26.    YMTC objects to these Requests to the extent that they purport to require YMTC to

11   anticipate Micron future claims or defenses and/or other developments in this action.  YMTC has not

12   completed its discovery, investigation, research, and trial preparation, and provides these responses to

13   Micron's Requests based solely on the information and documents presently known to it.  YMTC's

14   responses herein are given without prejudice to YMTC's right to amend or supplement in accordance

15   with Fed. R. Civ. P. 26(e).

16                    **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

17       1.    YMTC objects to Micron's Definitions and Instructions to the extent they purport to

18   create requirements or obligations beyond the requirements set forth in the Federal Rules of Civil

19   Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for

20   the Northern District of California, the Local Rules of Practice for Patent Cases before the United

21   States District Court for the Northern District of California, Judge Lin's Standing Order for Civil

22   Cases, or any other schedule or ruling that may be entered by the Court.

23       2.    YMTC objects to Micron's Definitions and Instructions to the extent they seek

24   information protected from disclosure by the attorney-client privilege, work-product doctrine,

25   common-interest privilege and/or any other applicable privilege or exemption.

26       3.    YMTC objects to the definition of "You," "Your," "YMTC," and "Plaintiff" as overly

27   broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case to the

28

**YMTC'S RESPONSES TO 1ST SET OF RFP (NOS. 1-81)**          **CASE NO. 3:23-CV-05792-RFL**

extent it includes "each of their predecessors and successors, their past and present parents, subsidiaries, divisions, and affiliates, other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys)."  YMTC interprets the terms "You," "Your," "YMTC," and "Plaintiff" as referring to Plaintiff and Counterclaim Defendant Yangtze Memory Technologies Company, Ltd. and Counterclaim Defendant Yangtze Memory Technologies, Inc., named in this action.

4.      YMTC objects to the definition of "Related Patents or Patent Applications" as applied in the Requests as overly broad, unduly burdensome, vague, ambiguous, and encompassing irrelevant information because it purports to include "all published and unpublished pending and abandoned applications."

5.      YMTC objects to the definition of "Named Inventor(s)" as overly broad, unduly burdensome, vague, ambiguous, and encompassing irrelevant information to the extent it includes individuals "named as an inventor at any time during the prosecution."

6.      YMTC objects to the definition of "Prior Art" as overly broad, unduly burdensome, vague, ambiguous, and encompassing irrelevant information to the extent it encompasses more than that stated in 35 U.S.C. §§ 102-103.

7.      YMTC objects to the definition of "Practicing Product" as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent that it encompasses "any product, system, apparatus, method, or process that is or was designed (including test chips, prototypes, and engineering samples), tested, manufactured, used, distributed, acquired, licensed, leased, sold, offered for sale, provided, exported, imported, or marketed" by YMTC and or "any of YMTC's licensees, any prior owner or assignee of the YMTC Asserted Patents, or any authorized licensees of any prior owner or assignee of the YMTC Asserted Patents."

8.      YMTC objects to the definition of "document" to the extent that it is inconsistent with the Federal Rules of Civil Procedure.

9.      YMTC objects to the definition of "communication" as overly broad, unduly burdensome, and not proportional to the needs of the case.

CONFIDENTIAL

10.    YMTC objects to the definitions of "relating to," "related to," "relate to," "refer to," or "concerning" as overly broad, unduly burdensome, and not proportional to the needs of the case.

11.    YMTC objects to the definition of "identify" to the extent it purports to create requirements or obligations beyond the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California, Judge Lin's Standing Order for Civil Cases, or any other schedule or ruling that may be entered by the Court.

12.    YMTC objects to the definition of "Person" as overly broad, unduly burdensome, and not proportional to the needs of the case.

13.    YMTC objects to the Instructions that accompany the Requests to the extent they purport to specify the manner or format in which YMTC must respond to the Requests.  YMTC will respond in a manner that conforms with the Federal Rules of Civil Procedure, the Local Rules, and any other applicable order, rule, or regulation.

14.    YMTC objects to Instructions 4-12 to the extent they seek to impose a requirement on YMTC different from that required by Fed. R. Civ. P. 33(b)(4).

15.    YMTC incorporates these General Objections into the specific objections set forth below.  While YMTC may repeat a General Objection for emphasis or some other reason, the failure to specifically refer to any General Objection does not constitute a waiver of any sort.  Moreover, subject to the requirements of the Federal Rules of Civil Procedure, YMTC reserves the right to alter or amend its objections and responses set forth herein as additional facts are ascertained and analyzed.

## RESPONSES TO REQUESTS FOR PRODUCTION

YMTC's responses are based upon current information and belief as a result of reasonable searches and inquiries:

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 15:**

All documents and things relating to communications between any Named Inventor and YMTC relating to the YMTC Asserted Patents, Related Patents or Patent Applications, Accused YMTC Products, or this Action.

**RESPONSE TO REQUEST NO. 15**

YMTC incorporates by reference its General Objections.  YMTC further objects to this request on the ground that it is not relevant to any claim or defense in this action.  YMTC further objects to this request to the extent this request seeks privileged communication protected from discovery by the attorney-client privilege, or the work-product doctrine.  YMTC further objects to this request as overly broad and unduly burdensome to the extent it is not bounded in time.  YMTC further objects to this request as neither relevant nor proportional to the needs of the case, to the extent it calls for "all documents and things."  Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this case, and it would be unduly burdensome, disproportionate, and costly for YMTC to collect and produce those irrelevant and/or cumulative documents.

Subject to and without waiving the foregoing objections, YMTC responds that it is willing to meet and confer regarding the scope, relevance, and proportionality of discovery requested by this Request.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this request as warranted by its ongoing investigation.

CONFIDENTIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24 **REQUEST FOR PRODUCTION NO. 41:**
25         Documents and things sufficient to identify the locations of manufacture, fabrication,
26 qualification, and testing for each and every Accused YMTC Product that You have made, used, sold,
27
28

CONFIDENTIAL

licensed, offered for sale, or imported or made available in the United States or abroad, including the names and addresses of the facilities for manufacturing, fabrication, qualification, and testing.

**RESPONSE TO REQUEST NO. 41**

YMTC incorporates by reference its General Objections.  YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "qualification."  YMTC further objects to this request as overly broad and unduly burdensome to the extent it is not bounded in time.  YMTC further objects to this request to the extent it seeks information, the production of documents, and/or things that YMTC is under an obligation not to disclose, including information or documents that would require YMTC to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality.  YMTC further objects to this request to the extent the requested information is publicly available or in the possession or control of Micron.  YMTC further objects to this request as neither relevant nor proportional to the needs of the case, to the extent it calls for "each and every Accused YMTC Product."  Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this case, and it would be unduly burdensome, disproportionate, and costly for YMTC to collect and produce those irrelevant and/or cumulative documents.

Subject to and without waiving these objections, YMTC responds that it is willing to meet and confer regarding the scope, relevance, and proportionality of discovery requested by this Request.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this request as warranted by its ongoing investigation.

**REQUEST FOR PRODUCTION NO. 42:**

All supply agreements, purchase agreements, sales agreements, joint venture agreements, or partnership agreements between YMTC and any other companies, individuals, governments or other persons or entities related to 3D NAND memory.

**RESPONSE TO REQUEST NO. 42**

YMTC incorporates by reference its General Objections.  YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "related to 3D NAND memory."  YMTC further

CONFIDENTIAL

objects to this request to the extent this request seeks privileged communication protected from discovery by the attorney-client privilege, or the work-product doctrine. YMTC further objects to this request as overly broad and unduly burdensome to the extent it is not bounded in time. YMTC further objects to this request to the extent it seeks information, the production of documents, and/or things that YMTC is under an obligation not to disclose, including information or documents that would require YMTC to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality. YMTC further contends that this request is premature because it requires disclosure of expert testimony prior to the time required by the Case Schedule. YMTC further objects to this request as neither relevant nor proportional to the needs of the case, to the extent it calls for "all agreements" "related to 3D NAND memory," including those unrelated to this action. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this case, and it would be unduly burdensome, disproportionate, and costly for YMTC to collect and produce those irrelevant and/or cumulative documents.

Subject to and without waiving these objections, YMTC responds that it is willing to meet and confer regarding the scope, relevance, and proportionality of discovery requested by this Request.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this request as warranted by its ongoing investigation.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and things related to YMTCL's and YMTI's past and present efforts to obtain approval for or product qualification of the Accused YMTC Products in the United States.

**RESPONSE TO REQUEST NO. 43**

YMTC incorporates by reference its General Objections. YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "efforts." YMTC further objects to this request to the extent this request seeks privileged communication protected from discovery by the attorney-client privilege, or the work-product doctrine. YMTC further objects to this request as overly broad and unduly burdensome to the extent it is not bounded in time. YMTC objects to this request on the ground that it is not relevant to any claim or defense in this action. YMTC further objects to this

CONFIDENTIAL

request to the extent it seeks information, the production of documents, and/or things that YMTC is under an obligation not to disclose, including information or documents that would require YMTC to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality.  YMTC further objects to this request as neither relevant nor proportional to the needs of the case, to the extent it calls for "all documents and things."  Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this case, and it would be unduly burdensome, disproportionate, and costly for YMTC to collect and produce those irrelevant and/or cumulative documents.

Subject to and without waiving these objections, YMTC responds that it is willing to meet and confer regarding the scope, relevance, and proportionality of discovery requested by this Request.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this request as warranted by its ongoing investigation.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and things related to YMTCL's and YMTI's past and present efforts to test, evaluate, qualify, or validate Accused YMTC Products in the United States, including but not limited to any testing or other reports generated and communications relating thereto.

**RESPONSE TO REQUEST NO. 44**

YMTC incorporates by reference its General Objections.  YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "efforts."  YMTC further objects to this request to the extent this request seeks privileged communication protected from discovery by the attorney-client privilege, or the work-product doctrine.  YMTC further objects to this request as overly broad and unduly burdensome to the extent it is not bounded in time.  YMTC objects to this request on the ground that it is not relevant to any claim or defense in this action.  YMTC further objects to this request to the extent it seeks information, the production of documents, and/or things that YMTC is under an obligation not to disclose, including information or documents that would require YMTC to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality.  YMTC further objects to this request as neither relevant nor

43

CONFIDENTIAL

proportional to the needs of the case, to the extent it calls for "all documents and things."  Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this case, and it would be unduly burdensome, disproportionate, and costly for YMTC to collect and produce those irrelevant and/or cumulative documents.

Subject to and without waiving these objections, YMTC responds that it is willing to meet and confer regarding the scope, relevance, and proportionality of discovery requested by this Request.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this request as warranted by its ongoing investigation.

**REQUEST FOR PRODUCTION NO. 45:**

All marketing materials, white papers, application notes, brochures, pamphlets, flyers, sales collateral, or other documents provided to any customer or potential customer regarding the Accused YMTC products or YMTC's Xtacking® technology, regardless of version or generation.

**RESPONSE TO REQUEST NO. 45**

YMTC incorporates by reference its General Objections.  YMTC further objects to this request to the extent this request seeks privileged communication protected from discovery by the attorney-client privilege, or the work-product doctrine.  YMTC further objects to this request as overly broad and unduly burdensome to the extent it is not bounded in time.  YMTC further objects to this request to the extent it seeks information, the production of documents, and/or things that YMTC is under an obligation not to disclose, including information or documents that would require YMTC to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality.  YMTC further objects to this request to the extent the requested information is publicly available or in the possession or control of Micron.  YMTC further objects to this request as neither relevant nor proportional to the needs of the case, to the extent it calls for "all" materials. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this case, and it would be unduly burdensome, disproportionate, and costly for YMTC to collect and produce those irrelevant and/or cumulative documents.

CONFIDENTIAL

1    Subject to and without waiving the foregoing objections, YMTC responds that it is willing to

2    meet and confer regarding the scope, relevance, and proportionality of discovery requested by this

3    Request.

4    Discovery is ongoing, and YMTC reserves the right to supplement its response to this request

5    as warranted by its ongoing investigation.

**YMTC's Responses to 1st Set of RFP (Nos. 1-81)**        **Case No. 3:23-cv-05792-RFL**

CONFIDENTIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23 **REQUEST FOR PRODUCTION NO. 48:**

24      Documents and things sufficient to identify all intercompany transfers of the Accused

25 YMTC Products between YTMC and YMTI.

26

27

28

46

CONFIDENTIAL

**RESPONSE TO REQUEST NO. 48**

YMTC incorporates by reference its General Objections.  YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "intercompany transfers."  YMTC further objects to this request to the extent this request seeks privileged communication protected from discovery by the attorney-client privilege, or the work-product doctrine.  YMTC further objects to this request as overly broad and unduly burdensome to the extent it is not bounded in time.  YMTC further objects to this request as neither relevant nor proportional to the needs of the case, to the extent it calls for "all" transfers. Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this case, and it would be unduly burdensome, disproportionate, and costly for YMTC to collect and produce those irrelevant and/or cumulative documents.  YMTC is unaware of intercompany transfers of the Accused YMTC Products between YMTC and YMTI.

YMTC responds that it is willing to meet and confer regarding the scope, relevance, and proportionality of discovery requested by this Request.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this request as warranted by its ongoing investigation.

**REQUEST FOR PRODUCTION NO. 49:**

Documents and things sufficient to describe all sales or offers for sale of the Accused YMTC Products made on behalf of YMTC by an employee, manager, member, director, or board member of YMTI.

**RESPONSE TO REQUEST NO. 49**

YMTC incorporates by reference its General Objections.  YMTC further objects to this request to the extent this request seeks privileged communication protected from discovery by the attorney-client privilege, or the work-product doctrine.  YMTC further objects to this request as overly broad and unduly burdensome to the extent it is not bounded in time.  YMTC further objects to this request to the extent it seeks information, the production of documents, and/or things that YMTC is under an obligation not to disclose, including information or documents that would require YMTC to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to

47

CONFIDENTIAL

maintain confidentiality.  YMTC further objects to this request as neither relevant nor proportional to the needs of the case, to the extent it calls for "all sales or offers for sale."  Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this case, and it would be unduly burdensome, disproportionate, and costly for YMTC to collect and produce those irrelevant and/or cumulative documents.

Subject to and without waiving these objections, YMTC responds that it is willing to meet and confer regarding the scope, relevance, and proportionality of discovery requested by this Request.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this request as warranted by its ongoing investigation.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to describe all sales and offers for sale of the Accused YMTC Products since January 1, 2016, including, on a monthly and per-country basis, the number of units sold, the revenue for each sale, the cost of each sale, the profits for each sale, the identity and location of the customer or purchaser for each sale, the identity and location of all distributors, importers, and exporters for each sale, the location to which the products are shipped, the location to which the products are billed, and the country from which the product was shipped.

**RESPONSE TO REQUEST NO. 50**

YMTC incorporates by reference its General Objections.  YMTC further objects to this request to the extent it is compound or includes multiple discrete subparts and therefore is improperly categorized as a single request.  YMTC further objects to this request to the extent that it purports to require the premature disclosure of expert testimony, evidence, argument, contentions, or any other disclosure inconsistent with the Federal Rules of Civil Procedure, any local rules, or the Scheduling Order entered in this matter.  YMTC further contends that this request is premature because it requires disclosure of expert testimony prior to the time required by the Case Schedule.  YMTC further objects to this request as neither relevant nor proportional to the needs of the case, to the extent it calls for "all sales and offers for sale."  Not all documents sought by this Request, if any, will contain information

48

CONFIDENTIAL

relevant to a claim or defense in this case, and it would be unduly burdensome, disproportionate, and costly for YMTC to collect and produce those irrelevant and/or cumulative documents.

Subject to its Objections, YMTC responds that it is willing to meet and confer regarding the scope, relevance, and proportionality of discovery requested by this Request.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this request as warranted by its ongoing investigation.

**REQUEST FOR PRODUCTION NO. 51:**

Documents and things sufficient to show and describe in detail Your historical, existing, and projected sales, monthly and quarterly revenue, profits, profit margins, pricing, pricing strategies, market shares, and costs—including without limitation development, personnel, material, advertising, promotion, sales commission, and equipment costs—for each Accused YMTC Product existing or under development, from the date that You began to develop each product.

**RESPONSE TO REQUEST NO. 51**

YMTC incorporates by reference its General Objections.  YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "historical," "strategies," "material," and "promotion."   YMTC further objects to this request to the extent this request seeks privileged communication protected from discovery by the attorney-client privilege, or the work-product doctrine.  YMTC further objects to this request as overly broad and unduly burdensome to the extent it is not bounded in time.  YMTC further objects to this request to the extent it seeks information, the production of documents, and/or things that YMTC is under an obligation not to disclose, including information or documents that would require YMTC to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality.  YMTC further objects to this request to the extent it is compound or includes multiple discrete subparts and therefore is improperly categorized as a single request.  YMTC further objects to this request to the extent that it purports to require the premature disclosure of expert testimony, evidence, argument, contentions, or any other disclosure inconsistent with the Federal Rules of Civil Procedure, any local rules, or the Scheduling Order entered in this matter.

CONFIDENTIAL

1    Subject to and without waiving the foregoing objections, YMTC responds that it is willing to

2    meet and confer regarding the scope, relevance, and proportionality of discovery requested by this

3    Request.

4    Discovery is ongoing, and YMTC reserves the right to supplement its response to this request

5    as warranted by its ongoing investigation.

**YMTC's Responses to 1st Set of RFP (Nos. 1-81)**          **Case No. 3:23-cv-05792-RFL**

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 53:**

Documents and things sufficient to show the first prototypes, first testing, first release, and first use of each Accused YMTC Product.

**RESPONSE TO REQUEST NO. 53**

YMTC incorporates by reference its General Objections. YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "first prototypes," "first testing," "first release," and "first use." YMTC further objects to this request to the extent this request seeks privileged communication protected from discovery by the attorney-client privilege, or the work-product doctrine. YMTC further objects to this request as overly broad and unduly burdensome to the extent it is not bounded in time. YMTC further contends that this request is premature because it requires disclosure of expert testimony prior to the time required by the Case Schedule.

Subject to and without waiving the foregoing objections, YMTC responds that it is willing to meet and confer regarding the scope, relevance, and proportionality of discovery requested by this Request.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this request as warranted by its ongoing investigation.

CONFIDENTIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21  **REQUEST FOR PRODUCTION NO. 73:**

22      Documents sufficient to identify all YMTC engineers who previously worked at Micron

23  on Micron's 3D NAND memory products, processes, or technology.

24  **RESPONSE TO REQUEST NO. 73**

25      YMTC incorporates by reference its General Objections.  YMTC further objects to this

26  request as overly broad and unduly burdensome to the extent it is not bounded in time.  YMTC

27  further objects to this request to the extent it seeks information, the production of documents,

28  and/or things that

CONFIDENTIAL

YMTC is under an obligation not to disclose, including information or documents that would require YMTC to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality.  YMTC further objects to this request to the extent the requested information is publicly available or in the possession or control of Micron.  YMTC further objects to this request as neither relevant nor proportional to the needs of the case, to the extent it calls for "all YMTC engineers."  Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this case, and it would be unduly burdensome, disproportionate, and costly for YMTC to collect and produce those irrelevant and/or cumulative documents.

Subject to and without waiving these objections, YMTC will not search for or produce documents responsive to this Request at this time.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this request as warranted by its ongoing investigation.

**REQUEST FOR PRODUCTION NO. 74:**

All documents and things obtained from Micron or from any present or former employee of Micron.

**RESPONSE TO REQUEST NO. 74**

YMTC incorporates by reference its General Objections.  YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "employee."  YMTC further objects to this request to the extent this request seeks privileged communication protected from discovery by the attorney-client privilege, or the work-product doctrine.  YMTC further objects to this request as overly broad and unduly burdensome to the extent it is not bounded in time.  YMTC further objects to this request to the extent it seeks information, the production of documents, and/or things that YMTC is under an obligation not to disclose, including information or documents that would require YMTC to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality.  YMTC further objects to this request as neither relevant nor proportional to the needs of the case, to the extent it calls for "all documents and things."  Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this case, and it would

66

CONFIDENTIAL

be unduly burdensome, disproportionate, and costly for YMTC to collect and produce those irrelevant and/or cumulative documents.

Subject to and without waiving these objections, YMTC will not search for or produce documents responsive to this Request at this time.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this request as warranted by its ongoing investigation.

**REQUEST FOR PRODUCTION NO. 75:**

All documents and things reflecting communications between any current or former employee of Micron and YMTC regarding Micron's 3D NAND memory products, processes, or technology including but not limed to Hongbin Zhu, Daesik Song, Jun Liu, Zhenyu Lu, Qian Tao, Yushi Hu, and Changhyun Lee.

**RESPONSE TO REQUEST NO. 75**

YMTC incorporates by reference its General Objections. YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "employee." YMTC further objects to this request to the extent this request seeks privileged communication protected from discovery by the attorney-client privilege, or the work-product doctrine. YMTC further objects to this request as overly broad and unduly burdensome to the extent it is not bounded in time. YMTC further objects to this request to the extent it seeks information, the production of documents, and/or things that YMTC is under an obligation not to disclose, including information or documents that would require YMTC to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality. YMTC further objects to this request as neither relevant nor proportional to the needs of the case, to the extent it calls for "all documents and things." Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this case, and it would be unduly burdensome, disproportionate, and costly for YMTC to collect and produce those irrelevant and/or cumulative documents.

Subject to and without waiving these objections, YMTC will not search for or produce documents responsive to this Request at this time.

1   Discovery is ongoing, and YMTC reserves the right to supplement its response to this request

2   as warranted by its ongoing investigation.

3   **REQUEST FOR PRODUCTION NO. 76:**

4   All documents and things related to 3D NAND memory obtained directly or indirectly from

5   any current or former employee of Micron, including without limitation from Hongbin Zhu, Daesik

6   Song, Jun Liu, Zhenyu Lu, Qian Tao, Yushi Hu, and Changhyun Lee.

7   **RESPONSE TO REQUEST NO. 76**

8   YMTC incorporates by reference its General Objections.  YMTC further objects to this request

9   as vague, ambiguous, and overbroad as to the terms "employee."  YMTC further objects to this request

10  to the extent this request seeks privileged communication protected from discovery by the attorney-

11  client privilege, or the work-product doctrine.  YMTC further objects to this request as overly broad

12  and unduly burdensome to the extent it is not bounded in time.  YMTC further objects to this request

13  to the extent it seeks information, the production of documents, and/or things that YMTC is under an

14  obligation not to disclose, including information or documents that would require YMTC to breach a

15  confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to

16  maintain confidentiality.  YMTC further objects to this request as neither relevant nor proportional to

17  the needs of the case, to the extent it calls for "all documents and things."  Not all documents sought

18  by this Request, if any, will contain information relevant to a claim or defense in this case, and it would

19  be unduly burdensome, disproportionate, and costly for YMTC to collect and produce those irrelevant

20  and/or cumulative documents.

21  Subject to and without waiving these objections, YMTC will not search for or produce

22  documents responsive to this Request at this time.

23  Discovery is ongoing, and YMTC reserves the right to supplement its response to this request

24  as warranted by its ongoing investigation.

25  **REQUEST FOR PRODUCTION NO. 77:**

26  All documents, things, and communications related to Micron's 3D NAND memory products,

27  their structure, their operation, or their fabrication obtained from Micron or any former employee of

28

**YMTC'S RESPONSES TO 1ST SET OF RFP (NOS. 1-81)       CASE NO. 3:23-CV-05792-RFL**

CONFIDENTIAL

Micron, including without limitation from Hongbin Zhu, Daesik Song, Jun Liu, Zhenyu Lu, Qian Tao, Yushi Hu, and Changhyun Lee.

**RESPONSE TO REQUEST NO. 77**

YMTC incorporates by reference its General Objections.  YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "employee."  YMTC further objects to this request to the extent this request seeks privileged communication protected from discovery by the attorney-client privilege, or the work-product doctrine.  YMTC further objects to this request as overly broad and unduly burdensome to the extent it is not bounded in time.  YMTC further objects to this request to the extent it seeks information, the production of documents, and/or things that YMTC is under an obligation not to disclose, including information or documents that would require YMTC to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality.  YMTC further objects to this request as neither relevant nor proportional to the needs of the case, to the extent it calls for "all documents and things."  Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this case, and it would be unduly burdensome, disproportionate, and costly for YMTC to collect and produce those irrelevant and/or cumulative documents.

Subject to and without waiving these objections, YMTC will not search for or produce documents responsive to this Request at this time.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this request as warranted by its ongoing investigation.

**REQUEST FOR PRODUCTION NO. 78:**

All documents, things, and communications that originated from Micron or from a Micron employee, including all documents, things, and communications that any former employee of Micron, including without limitation Hongbin Zhu, Daesik Song, Jun Liu, Zhenyu Lu, Qian Tao, Yushi Hu, and Changhyun Lee, brought from Micron to YMTC.

CONFIDENTIAL

**RESPONSE TO REQUEST NO. 78**

YMTC incorporates by reference its General Objections. YMTC further objects to this request as vague, ambiguous, and overbroad as to the terms "employee." YMTC further objects to this request to the extent this request seeks privileged communication protected from discovery by the attorney-client privilege, or the work-product doctrine. YMTC further objects to this request as overly broad and unduly burdensome to the extent it is not bounded in time. YMTC further objects to this request to the extent it seeks information, the production of documents, and/or things that YMTC is under an obligation not to disclose, including information or documents that would require YMTC to breach a confidentiality obligation in a contract, protective order, settlement, or other duty to a third party to maintain confidentiality. YMTC further objects to this request as neither relevant nor proportional to the needs of the case, to the extent it calls for "all documents and things." Not all documents sought by this Request, if any, will contain information relevant to a claim or defense in this case, and it would be unduly burdensome, disproportionate, and costly for YMTC to collect and produce those irrelevant and/or cumulative documents.

Subject to and without waiving these objections, YMTC will not search for or produce documents responsive to this Request at this time.

Discovery is ongoing, and YMTC reserves the right to supplement its response to this request as warranted by its ongoing investigation.

CONFIDENTIAL

Respectfully submitted,

Date: May 6, 2024                    By: */s/ Andrew T. Radsch*

James R. Batchelder (CSB # 136347)
Andrew T. Radsch (CSB # 303665)
James F. Mack (CSB # 322056)
Nancy N. Attalla (CSB # 341070)
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
james.batchelder@ropesgray.com
andrew.radsch@ropesgray.com
james.mack@ropesgray.com
nancy.attalla@ropesgray.com
Rachael Bacha (NYB # 4817938)
1211 Avenue of the America
New York, NY 10036
Telephone: (212) 596-9062
rachael.bacha@ropesgray.com

72

Nicole S. L. Pobre (DCB # 1735421)
2099 Pennsylvania Avenue,
N.W. Washington, D.C. 20006
Telephone: (202) 508-4600
nicole.pobre@ropesgray.com
*Attorneys for Plaintiff and Counterclaim Defendant*
*YANGTZE MEMORY TECHNOLOGIES*
*and Counterclaim Defendant*
*COMPANY, LTD. AND YANGTZE MEMORY*
*TECHNOLOGIES, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that this document is being served upon counsel of record for Defendant's and Counterclaim Plaintiff on May 6, 2024, via electronic service.

*/s/ Drago Gregov*

Drago Gregov

**YMTC's Responses to 1st Set of RFP (Nos. 1-81)**       **Case No. 3:23-cv-05792-RFL**