UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., et al.,<br><br>Defendants. | Case No. 23-cv-05792-RFL   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 180, 181 |

We are here on two discovery disputes. ECF Nos. 180, 181. The Court held a hearing on December 12, 2024 and now issues the following order.

**A.     ECF No. 180 (Source Code)**

YMTC has requested a print out of 73 pages of Micron's source code. Micron argues this request is excessive and that 15 pages is reasonable instead.

The protective order has several provisions relating to source code. ECF No. 81 ¶¶ 9(a)-9(p). In general, "source code . . . produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a Secure Computer in a secured room without Internet access or network access to other computers (except such network connections may be made by the Producing Party to provide access to the Producing Party's Source Code Material), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device." *Id*. ¶

9(c).

Paragraph 9(j) further provides that "[a]t the request of the Receiving Party, and subject to any export control restrictions, the Producing Party shall provide paper copies ('Original Printouts') of portions of the materials on the Secure Computer that is requested by the Receiving Party and is reasonably necessary to facilitate the Receiving Party's preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.  The Producing Party shall Bates number, copy, and label 'HIGHLY CONFIDENTIAL – SOURCE CODE' material on any Original Printouts.  The receiving Party may print not more than 1500 pages—including no more than 30 consecutive pages.  If the Producing Party objects that the portions requested to be printed are excessive and/or not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within five (5) days."

Paragraph 9(j) continues:  "The Parties shall meet and confer within two (2) business days of any such objection.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the objection may be jointly submitted to the Court for resolution within three (3) business days of the meet and confer.  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure set forth in Paragraph 6.3 whereby the Producing Party is the 'Challenging Party' and the Receiving Party is the 'Designating Party' for purposes of dispute resolution." Paragraph 6.3 says that "[t]he burden of persuasion in any such challenge proceeding shall be on the Designating Party."

Here, YMTC has requested 73 pages from the 150 Series Traveler.  Micron objects under paragraph 9(j) on the grounds that this request is excessive because the 150 Series Traveler is Micron's crown jewel material and because this many pages is not reasonably necessary for case preparation.  Between paragraphs 9(j) and 6.3, it appears that YMTC as the receiving party is deemed to be the designating party in the challenge provision in paragraph 6.3, so it bears the burden of persuasion.

YMTC's request is for pages 107, 115, 122-127, 130-131, 141-146, 153, 156, 160-163, 174, 189-197, 200-201, 206-207, 209-214, 221, 224-232, 234-239, 260, 264-267, 272-279, so it

has not asked for more than 30 consecutive pages.  Nor does Micron state that YMTC has in total requested more than 1500 pages.  Further, the parties are in agreement that the pages before and after the requested pages relate to features not at issue in this case (such as title slides, summary slides, and background information).  This tends to demonstrate that YMTC's request is thoughtful and focused on materials needed for case preparation.

As to the importance of this source code to Micron, YMTC points out that the protective order has important protections applicable here.  For example, paragraph 9(l) provides that "[t]he Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party's outside counsel of record and any person receiving a copy of any HIGHLY CONFIDENTIAL – SOURCE CODE material (excluding the Court and court personnel) shall maintain and store any paper copies of the material at their offices in a manner that prevents duplication of or unauthorized access to the material, including, without limitation, storing the material in a locked room or cabinet at all times when it is not in use."  And paragraph 9(m) provides that "[a]ll paper copies of HIGHLY CONFIDENTIAL – SOURCE CODE material shall be securely destroyed in a timely manner if they are no longer in use (e.g., at the conclusion of a deposition).  Copies of any such material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  If the deposition exhibit has been marked up or altered in any way by the deponent, the receiving Party shall store the exhibit in the same way paper copies of the HIGHLY CONFIDENTIAL – SOURCE CODE material are stored."

Considering the volume of the requested source code, which is within the presumptive limits of paragraph 9(j), and the care YMTC has taken to request pages that both sides agree are relevant, and the strong protections in the protective order that will apply to the print outs, the Court finds that YMTC has carried its burden of persuasion and **ORDERS** Micron to provide the requested 73 pages of source code print outs.

**B.    ECF No. 181 (YMTC's Interrogatory 12)**

YMTC's interrogatory ("rog") 12 seeks the "factual and legal basis for [Micron's]

contention that [Micron] do[es] not infringe" the Asserted Patents. The dispute here is about the timing of a response. YMTC argues that Micron should be compelled to respond right away. But Micron argues that a response should be due after the claim construction order issues.

In the letter brief, YMTC asked the Court to order Micron to respond to rog 12 for all 228 claims from 19 patents that are currently asserted in the case. That would be wasteful, of course. Judge Lin has ordered YMTC to narrow its case down to 70 claims by January 14, 2025, and to 40 claims after the claim construction order. ECF No. 141. If Micron had to respond to rog 12 now as to all asserted claims, it would be providing non-infringement contentions for 188 claims that will be dropped from the case.

At the hearing, YMTC backed down from that position and argued that Micron should be ordered to answer rog 12 for the 39 independent claims it asserts. Micron disagreed. The Court thinks that requiring Micron to answer rog 12 for the 39 independent claims after the January 14 narrowing makes sense. By January 14, YMTC will have done the vast bulk of the narrowing, moving from 228 asserted claims to 70 of them. True, there will be additional narrowing (down to 40 claims) by seven days after the claim construction order, so it may be that if Micron answers rog 12 for the 39 independent claims after January 14, some portion of its rog response will become moot if those claims are dropped. That doesn't mean, however, that there is no value in the mooted portions of the rog response because Micron's non-infringement contentions may influence which claims YMTC later drops. Further, because the phase 3 and phase 4 narrowing occur after the close of fact discovery, it is inevitable that some portion of Micron's rog 12 response will be mooted at some point, no matter when the deadline is to answer the rog. And as noted, those non-infringement contentions may influence which claims get dropped. Requiring Micron to answer rog 12 within 30 days after the January 14 narrowing strikes an appropriate balance between waiting until most (but not all) of the narrowing has occurred, without letting discovery get unnecessarily stalled, and giving Micron enough time after the January 14 narrowing to draft a good rog response.

Accordingly, the Court **ORDERS** Micron to answer rog 12 for the 39 independent claims YMTC asserts by 30 days after January 14, 2025. Of course, if YMTC drops any of the 39

independent claims by January 14, Micron's answer need not address any dropped claims.

**IT IS SO ORDERED.**

Dated: December 12, 2024

THOMAS S. HIXSON
United States Magistrate Judge