UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., et al., <br><br> Defendants. | Case No.  23-cv-05792-RFL <br><br> **ORDER GRANTING MOTION TO STAY CASE PENDING *INTER PARTES* REVIEW** <br><br> Re: Dkt. Nos. 169, 177, 199, 200, 212, 213, 220, 225 |

On January 16, 2025, Micron Technology, Inc. ("Micron") moved to stay this case pending *inter partes* review ("IPR"). (Dkt. No. 200.) The motion to stay pending IPR is **GRANTED**. This order assumes the reader is familiar with the facts of the case, the applicable legal standard, and the arguments made by the parties.

*Motion to stay the case pending* **inter partes** *review.* Courts consider three factors when evaluating whether to stay a case pending *inter partes* review: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Evolutionary Intel., LLC v. Facebook, Inc.*, No. 13-cv-04202, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014). All three factors weigh in favor of granting the stay.

First, the litigation is in an early stage. Fact discovery does not close until August 26, 2025, and as of the date that briefing on this motion was complete, the parties had not yet taken a single deposition. (Dkt. No. 229 at 5.)[1] Claim construction briefs have not yet been filed, and

---

[1] Citations to page numbers refer to the ECF pagination.

1

although a date is set, trial is currently scheduled for June 2026—fifteen months away.

Moreover, staying the case pending IPR will simplify the issues. The Patent Trial and Appeal Board ("PTAB") has already instituted proceedings as to 23 Asserted Claims, and declined to institute IPR proceedings as to 11 other Asserted Claims. The PTAB's decision regarding whether to institute proceedings as to the remaining 36 Asserted Claims is currently pending. The previously instituted and non-instituted claims are directed to the same 3D NAND technology. Four of the non-instituted claims are dependent to an instituted claim—independent claim 1 of the '872 Patent. The other seven non-instituted claims are all from the '342 Patent, which is directed to the same subject matter as the '957, '822, and '941 Patents. Thus far, the PTAB has already instituted IPR proceedings on all of the Asserted Claims for the '957 and '822 Patents, and the petition on the '941 Patent is currently pending. The overlapping subject matter of these claims means that staying the case pending IPR will likely simplify infringement, validity, and claim construction issues in this case.

Finally, the stay will not result in undue prejudice or disadvantage for Yangtze Memory Technologies Company ("YMTC"). YMTC argues that "[c]ompetition in the 3D NAND memory market makes any stay particularly prejudicial because of how quickly 3D NAND technology develops." (Dkt. No. 221 at 19.) However, absent specific "*evidence* to substantiate an argument that direct competition will result in prejudice to the non-moving party," YMTC's argument cannot, on its own, justify a stay. *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-cv-02013, 2014 WL 5021100, at *5 (N.D. Cal. Oct. 7, 2014) (emphasis added). Nor does the fact that the PTAB's decision regarding the remaining 36 Asserted Claims is currently pending mean that a stay is not appropriate.

*Conclusion.* For the reasons explained above, Micron's motion to stay the case pending IPR is granted. (Dkt. No. 200.) The following motions that are pending before the Court—the motion to dismiss and strike Micron's amended counterclaims (Dkt. No. 177), the motion to stay discovery order pending resolution for writ of mandamus (Dkt. No. 199), and the motion to modify the case schedule to permit Micron to reassert counterclaims (Dkt. No. 213)—are denied

as moot.  The administrative motions to file under seal that are pending before the Court (Dkt. Nos. 169, 212, 220, 225) are granted.

The parties shall file a joint status report every six months, and shall notify the Court within 30 days of the completion of all IPR proceedings.

**IT IS SO ORDERED.**

Dated: March 14, 2025

RITA F. LIN
United States District Judge