UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YANGTZE MEMORY TECHNOLOGIES
COMPANY, LTD.,

        Plaintiff,

    v.

MICRON TECHNOLOGY, INC., et al.,

        Defendants.

Case No. 23-cv-05792-RFL

**ORDER DENYING MOTION TO
PARTIALLY LIFT STAY**

Re: Dkt. No. 257

On March 14, 2025, the Court granted Defendant and Counterclaim Plaintiff Micron Technology, Inc.'s motion to stay this case pending *inter partes* review. (Dkt. No. 243.) At that time, the Patent Trial and Appeal Board ("PTAB") had instituted proceedings as to 23 Asserted Claims, declined to institute proceedings as to 11 Asserted Claims, and had not yet decided whether to institute proceedings as to the remaining 36 Asserted Claims. (Dkt. No. 243 at 2.)[1] The PTAB has since issued decisions on each patent asserted in this case, instituting IPR proceedings on 14 patents but declining to institute proceedings on the remaining 5 patents, which account for 19 Asserted Claims ("the Non-Instituted Claims"). Plaintiff and Counterclaim Defendant Yangtze Memory Technologies Company, Ltd. and Counterclaim Defendant Yangtze Memory Technologies, Inc. ("YMTC") now move to partially lift the stay as to the Non-Instituted Claims. (Dkt. No. 257.) For the reasons that follow, YMTC's motion is **DENIED**. This order assumes the reader's familiarity with the facts of this case, the applicable legal standards, and both sides' arguments.

---

[1] All references to page numbers refer to ECF pagination.

A district court has "'inherent power' to manage its own docket" and stay proceedings. *MasterObjects, Inc. v. eBay, Inc.*, No. 16-CV-06824-JSW, 2018 WL 11353751, at *1 (N.D. Cal. Nov. 7, 2018) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). "A court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). When determining whether to lift a stay, courts consider "(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Id*. (citation omitted). All three factors weigh in favor of maintaining the stay.

First, maintaining the existing stay will simplify the issues in this case. The PTAB's subsequent decisions to institute IPR proceedings as to certain patents and to decline to institute IPR proceedings as to others does not change the fact that the claims at issue—both instituted and non-instituted— are directed to the same 3D NAND technology and thus contain overlapping subject matter and similar language. (Dkt. No. 243 at 2; Dkt. No. 263 at 12.) Therefore, the remaining PTAB proceedings are likely to "simplify infringement, validity, and claim construction issues in this case" (Dkt. No. 243 at 2), and a stay still promises to "simplify the issues in question and trial of the case," *Murata Mach. USA*, 830 F.3d at 1361. Though YMTC asserts that the instituted and Non-Instituted claims have "unique liability and damages theories" (Dkt. No. 257 at 13), lifting the stay as to the Non-Instituted claims would make the case more complex, not less, by bifurcating the case and potentially requiring duplicative discovery, motions, pretrial conferences, and trials (Dkt. No. 263 at 13–14). Lifting the stay would also require Micron to litigate its ownership counterclaims in two separate cases, which would be inefficient and potentially risk inconsistent judgments. (Dkt. No. 263 at 14.) Contrary to YMTC's assertion, the Court's pre-stay order requiring YMTC to elect eight representative claims for trial and dismiss the others with prejudice does not urge in favor of lifting the stay as to the Non-Instituted Claims (Dkt. No. 257 at 13) because the Court's order allows YMTC to file

a motion to add additional claims if more claims "are needed to represent all patents in suit" (Dkt. No. 141 at 2). Accordingly, this factor counsels against lifting the stay.

Second, the litigation is still at an early stage. In granting Micron's motion to stay in March 2025, the Court reasoned that "the parties had not yet taken a single deposition," "[c]laim construction briefs ha[d] not yet been filed," and "trial [was] . . . scheduled for June 2026—fifteen months away." (Dkt. No. 243 at 1–2.) These observations remain true following the Court's stay order. Accordingly, this factor continues to counsel against lifting the stay.

Finally, maintaining the stay would not result in undue prejudice or disadvantage for YMTC. When evaluating undue prejudice, "[c]ourts typically consider four subfactors: (1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Skillz Platform Inc. v. Aviagames Inc.*, No. 21-CV-02436-BLF, 2022 WL 1189882, at *4 (N.D. Cal. Apr. 21, 2022) (citation omitted). The first two subfactors suggest that maintaining the stay would not be unduly prejudicial. YMTC filed two lawsuits against Micron within eight months, asserting 232 claims. In response, Micron filed over twenty IPR petitions over the span of fourteen months—the first set of petitions only five months after the first suit was filed—and filed its motion to stay ten days after it filed its last IPR petition. (Dkt. No. 263 at 18.) Accordingly, the timing of Micron's IPR petitions and stay motion do not weigh in favor of lifting the stay. The third subfactor, the status of the review proceedings, also weighs against lifting the stay, as the PTAB is expected to issue final written decisions on all post-grant proceedings by early September 2026, and for the reasons provided above, those decisions will likely simply the case even further. (Dkt. No. 263 at 18.) Finally, as to the final subfactor, YMTC was previously informed that "absent specific '*evidence* to substantiate an argument that direct competition will result in prejudice'" to it, its observations that Micron is a competitor and that the 3D NAND market moves rapidly and depends on "design wins" "cannot, on [their] own, justify a stay." (Dkt. No. 243 at 2 (quoting *Cypress Semiconductor Corp. v. GSI Tech.*, Inc., No. 13-CV-02013-JST, 2014 WL 5021100, at *5 (N.D. Cal. Oct. 7, 2014) (emphasis added)).) YMTC has offered no such evidence

substantiating its assertions that it has suffered prejudice as a result of the stay and that it will

continue to suffer prejudice if the stay remains in place.

      For the foregoing reasons, YMTC's motion to lift the stay is denied.

      **IT IS SO ORDERED.**

Dated: January 15, 2025

RITA F. LIN
United States District Judge